CORNELIUS KANOUSE, PLAINTIFF IN ERROR, *v.* JOHN M. MARTIN.

Where a citizen of New Jersey was sued in a State court in New York, and filed his petition to remove the case into the Circuit Court of the United States, offering a bond with surety, the amount claimed in the declaration being one thousand dollars, it became the duty of the State court to accept the surety, and proceed no further in the cause.

Consequently, it was erroneous to allow the plaintiff to amend the record and reduce his claim to four hundred and ninety-nine dollars.

The case having gone on to judgment, and been carried by writ of error to the Superior Court, without the petition for removal into the Circuit Court of the United States, it was the duty of the Superior Court to go behind the technical record, and inquire whether or not the judgment of the court below was erroneous.

The defendant was not bound to plead to the jurisdiction of the court below; such a step would have been inconsistent with his right that all proceedings should cease when his petition for removal was filed.

The Superior Court being the highest court to which the case could be carried, a writ of error lies to examine its judgment, under the 25th section of the Judiciary Act.

THIS case was brought up from the Superior Court of the city of New York, by a writ of error issued under the 25th section of the Judiciary Act.

A motion was made at the last term of this court, by *Mr. Martin*, to dismiss the case, for want of jurisdiction, which is reported in 14 Howard, 23.

The facts are stated in the opinion of the court.

It was argued by *Mr. Garr*, for the plaintiff in error, and *Mr. Martin*, for the defendant.

The counsel for the plaintiff in error first filed an elaborate brief, to which the counsel for the defendant replied. Then there was filed a reply to defendant's argument, and then a counter statement and points by the counsel for the defendant in error. From all these, the reporter collects the views of the respective counsel, as far as they concerned the points upon which the judgment of the court rested.

*Mr. Garr*, for the plaintiff in error.

The questions arising in this case are the following:

1st. Whether the Court of Common Pleas had jurisdiction to proceed further in the cause, and to render a judgment

therein, after the defendant had duly petitioned for the removal of it to the Circuit Court of the United States.

2d. Whether the Superior Court of the city of New York erred in refusing to look beyond the judgment-roll, and in excluding from its consideration the proceedings brought before it by the allegation of diminution and *certiorari*, that proved the existence of the errors complained of.

3d. Whether the Court of Appeals of the State of New York erred in holding that the defendant below was precluded from his writ of error, by it not appearing on the record that he had appealed from the order of the Court of Common Pleas, denying his application to remove the cause.

4th. As to the sufficiency of the matters set forth by the defendant in error in his plea to the special assignment of errors, and in the subsequent pleadings that terminated in a demurrer.

*First.* I. The defendant below had, at the time of entering his appearance in the Court of Common Pleas, a legal right to remove the cause to the Circuit Court of the United States, if the matter then in dispute exceeded the sum or value of $500. 12th sect. of Judiciary Act of 1789.

II. That the matter then in dispute exceeded the sum or value of $500, was manifest by uncontradicted evidence of the highest nature, viz. the declaration in the cause, the sum claimed in which (when the action is for damages) is the sole criterion by which to determine the amount in dispute. Martin *v.* Taylor, 1 Wash. C. C. Rep. 2; Muns *v.* Dupont, 2 Ib. 463; Sherman *v.* Clark, 3 McLean's Rep. 91; Gordon *v.* Longest, 16 Peters, 97; 1 Kent's Com. 6th ed. 302, note b; Opinion of Judges Nelson and Betts, in Martin *v.* Kanouse, U. S. Circuit Court, April 25, 1846, Appendix, p. 37.

III. By the filing of the petition, and the offer of the surety prescribed by the statute, (on the 18th of September, 1845,) the defendant's right to a removal of the cause was perfected and absolutely vested; and it thereupon instantly became "the duty of the State court to accept the surety, and proceed no further in the cause." 12th sect. of Judiciary Act.

IV. The Common Pleas erred in afterwards receiving (on the 1st of October) an affidavit of the plaintiff, reducing his demand below $500, and thereupon denying (on the 6th of October) the motion for removal, because,

1. It is only where property, and not damages, is the matter in dispute, that the court, for the purpose of determining the amount, looks at any evidence beyond the declaration. In such a case, the court will receive affidavits, in order to ascertain the value. Cooke *v.* Woodrow, 5 Cranch, 13.

2. Mr. Martin's affidavit, had it even been admissible, was

insufficient. It did not deny any of the facts alleged in the petition, nor did it even allege that there had been a mistake in the declaration, and that he had not intended to demand by it a sum exceeding $500. On the contrary, the affidavit merely states that the demand made by the declaration was more than "the actual amount due to him;" that such amount was less than $500, and that he "now," (that is, at the time of making the affidavit, being thirteen days after the filing of the petition, and after the defendant's right to a removal had become perfect,) limits and reduces his claim to the sum of $499.56.

3. The act of Congress does not provide that the State court may retain its jurisdiction, if the plaintiff will reduce his demand below $500.

4. The jurisdiction depends upon the state of things at the time of the action brought, and is not affected by any subsequent event. Mollan v. Torrance, 9 Wheat. 537; Keppel v. Heinrich, 1 Barb. S. C. Rep. 449.

If Mr. Martin, the plaintiff, had, after the bringing of his action, removed from the State of New York, and become a citizen of the same State with the defendant, his change of residence would not have restored jurisdiction to the Court of Common Pleas. Clark v. Matthewson, 12 Pet. 164–171. Upon the same principle, his making an affidavit reducing below $500 the claim which he therein admitted he had made by his declaration, could not restore the jurisdiction.

5. By the defendant's application to remove the cause, the Court of Common Pleas lost jurisdiction over it; and as that jurisdiction could not be restored by any subsequent act of the plaintiff, or proceeding in that court, it follows that the plaintiff's affidavit reducing his demand, the amending of the declaration, and the subsequent proceedings in the cause, were *coram non judice*, and, as such, erroneous and void. Wright v. Wells, Pet. C. C. Rep. 220; United States v. Myers, 2 Brock. C. C. Rep. 516; Gorden v. Longest, 16 Pet. 97; Hill v. Henderson, 6 Smed. & Marsh. 351; Campbell v. Wallin's Lessee, 1 Mart. & Yerg. 266.

6. The errors complained of were not in matters of mere practice, or matters in regard to which the court below had an arbitrary discretion. They were in matters of substance; they consisted in the court's withholding a right to which the defendant was entitled under the act of Congress, and in their persisting to exercise jurisdiction, and to amend the declaration, and render a judgment, after it had "become their duty to proceed no further in the cause."

" Where the law has given to the parties rights, as growing out of a certain state of facts, there discretion ceases." Gordon

*v.* Longest, *supra;* People *v.* Superior Court of New York, 5 Wend. 125, and 10 *ib.* 291.

*Mr. Martin,* for defendant in error.

*First Point.* The State court had jurisdiction of the cause until the plaintiff in error fully complied with all the requirements of the United States statute, and until the State court had so decided, and made an order for its removal.

The New York Common Pleas is a common-law court, and had an original jurisdiction of this cause, of which it could not be deprived by a paramount statute. *Ex parte* Bollman, 4 Cranch, 75. This jurisdiction, and the right of the State court to decide on the application for a removal of the cause, is conceded in the act of Congress, by requiring the presentment of a petition for such removal.

But it is insisted, by the plaintiff in error, at pages 14, 15, and 16, of his argument, that "by the filing of the petition, and the offer of the surety prescribed by the statute, the defendant's right to a removal of the cause was perfected and absolutely vested; and it thereupon instantly became the duty of the State court to accept the surety and proceed no further in the cause;" and that, "by the defendant's application to remove the cause, the Court of Common Pleas lost jurisdiction over it."

The court will observe that nothing is here said about the appearance required by the act; but it is contended that an instantaneous change of jurisdiction was effected by filing the petition and offering the surety only.

For the sake of argument, let it be supposed that a false appearance has been entered, and a spurious petition filed, and insufficient sureties offered, — does a change of jurisdiction instantly follow? If it does, then the State court can have no opportunity to protect its own jurisdiction or the rights of its suitors against fraud — no time to look into the petition or bond, to see if the one be properly authenticated, or the other duly executed; or to ascertain whether the real amount in controversy exceeds $500 or not.

Upon this theory the State court is paralyzed, and struck dumb and blind, by the mere presentation of a set of papers, no matter how defective in form or fraudulent in execution; and no matter what evidence may be produced — an affidavit or a bill of particulars, to satisfy the court that the amount is less than $500, — and no matter how well satisfied the court may be of fraud in the papers, or deficiency in the amount to entitle the applicant to remove the cause.

This is probably too absurd to be seriously maintained, even

in this case; and it will doubtless be considered that the State court has a right to judge of the regularity and sufficiency of the applicant's papers; and that jurisdiction must remain with the State court long enough, at least, to enable the court to inspect them, and decide upon their sufficiency.

If this be conceded, as it is submitted it must be, it must also be conceded that the court may retain jurisdiction to ascertain the true amount in controversy; and if it may retain jurisdiction an hour for these purposes, it may retain it for such further time as may be reasonable and necessary to enable the parties to obtain the requisite evidence to satisfy the court upon any of the matters of which it may inquire. And this is destructive of the whole theory of an instantaneous change of jurisdiction.

These tests of the plaintiff's theory show its absurdity, and the correctness of the decision of the United States Circuit Court for the Southern District of New York, on the defendant's motion in this case in that court.

On that motion it was held, in substance and effect, that a cause was not actually removed into the United States Circuit Court, until certified copies of the papers in the State court, and of an order for their transmission, were sent to, and entered in the United States court.

This decision, if correct, sets the question of the actual jurisdiction of this case, pending the application for its removal, at rest. It also furnishes a sufficient reason for the plaintiff's unwillingness to apply to that court, as directed by the Supreme Court of the State, for a mandamus to compel the New York Common Pleas to grant an order for the removal of the cause. He had not filed copies of his papers in the United States court, so authenticated as to warrant the United States court in proceeding upon them, and therefore had not done what was necessary to authorize him to ask the assistance of that court, had he been otherwise entitled to it.

*Second Point.* The plaintiff in error did not so comply with the requirements of the 12th section of the United States Judiciary Act, as to divest the State court of its jurisdiction and entitle himself to an order for the removal of the cause, because he did not enter his appearance in the State court at the time of filing his petition, &c. See United States Stat. at Large, p. 79.

*Third Point.* The State court properly retained its jurisdiction of the cause; and was not bound to grant an order for its removal into the United States court, because it did not appear to the satisfaction of the State Judge, that the amount in controversy exceeded $500, exclusive of costs.

By the 12th section of the United States act, before cited,

this is expressly declared to be necessary to entitle the applicant to a removal of the cause. The terms of the statute are clean and unequivocal. The amount must "be made to appear to the satisfaction of the court."

This language is peculiar to the 12th section of this act, and is not found in the 22d section of it, authorizing the removal of causes from the circuit courts to this court by writ of error, nor in the act of 1803, (2 United States Stat. p. 244,) authorizing like removals by appeal where the amount exceeds $2,000; nor in the act of 1816, (3 United States Stat. 261,) authorizing writs of error to the United States Circuit Court of the District of Columbia, where the amount exceeds $1,000.

In none of these sections is a discretion expressly given to the court from which the cause is to be removed, as in the 12th section.

This constitutes the basis of a very important distinction between this case and most of the cases cited by the plaintiff in error; and when taken in connection with the fact, that in no one of those cases was there any dispute about the amount in controversy before the State court, it renders them wholly inapplicable to this case, as authorities, to show that the declaration is conclusive as to amount.

Upon this point they leave the present case entirely free from the control of prior adjudications.

This distinction also furnishes a very conclusive proof that Congress did not intend that the same rules of evidence should be applied in ascertaining the amount in dispute in these two classes of cases — else why declare in the one that the amount must be made to appear to the satisfaction of the court, and remain silent in the other?

The inference from all this is irresistible, that Congress meant to give the State courts a discretion, not only as to the amount, but as to the evidence to show it.

In Gordon *v.* Longest, (16 Pet. 97, which is the only reported case that has come before this court under the twelfth section,) the general discretion of the State judge was admitted by this court; although "in that case" the court held that a claim of $1,000 in the writ was conclusive, there being no evidence before the State judge, or in this court, that the amount was less.

Under this state of facts it was held that, although the State court had a discretion as to the amount in controversy, yet it was a "legal discretion," to be reasonably exercised, and that "on the facts of the case, the State judge had no discretion" in that case, and could not arbitrarily refuse to allow a removal of it, when it appeared by undisputed evidence that the amount exceeded $500.

This, it is submitted, is all that was decided in Gordon v. Longest; and if the court had gone as far as is contended for by the plaintiff in this case, and had declared the evidence furnished by the writ or declaration to be absolutely conclusive upon the State court, the decision would have been not only against the manifest meaning of Congress, but inconsistent with itself.

It would have been inconsistent with itself, because there is nothing concerning the amount in dispute upon which a "legal discretion" can be exercised, except evidence of the amount; and if this court were to take away all discretion concerning this evidence, by declaring this or that sort of evidence conclusive, it would be tantamount to a declaration that the State courts have no discretion at all.

The amount claimed must always be over or under $500, or exactly that sum; and it must always be made by writ, declaration, or complaint. If the claim be exactly $500 or under, no application for a removal will ever be made. The only case, therefore, in which any discretion at all can be exercised by a State court is, where a claim is made for more than $500. And if the mere claim were always conclusive, the amount would thereby be unalterably fixed, and there would be no room left for discretion.

From this examination of the facts and opinion in the above case, it will be seen that it is a controlling authority for the defendant in error; and clearly shows that the State court is authorized by this statute to consider any legal evidence which the parties may offer to satisfy the court of the true amount in dispute; and that the judge had a right to receive and listen to an affidavit in this case, in which it was solemnly sworn: "that the amount of damages mentioned at the foot of the declaration in this cause, is not the actual amount due to this deponent as plaintiff in said cause, nor does it show the amount he seeks or expects to recover therein; and the whole of said amount really due deponent, and so sought to be recovered is less than $500; and that he is now ready and willing, and hereby offers, to settle and discontinue this suit on payment to him of a less sum than $500, and to give the said defendant a full discharge of and from all claims and demands which this deponent, as plaintiff in this suit, has made, or can or may recover against the defendant."

After hearing this affidavit, and on considering the facts thereby disclosed in connection with the language of the act, "and being satisfied that the actual amount in controversy herein is less than $500," the judge denied the plaintiff's motion.

In doing so, he looked at no authority but the act itself. Its language seemed too clear and plain to be questioned, and he exercised his judgment and discretion without hesitation; and the plaintiff in error has not been able to find a court, from that day to this, which doubted that he had the discretion, and exercised it rightly.

On this point, the plaintiff's own authorities are against him; for, in Wright v. Wells, (Pet. C. C. Rep. 220,) Mr. Justice Washington said: "the State court was not bound to grant the removal, unless it was satisfied that the amount exceeded $500."

In Campbell v. Wallen's Lessees, cited by the plaintiff from 1 Martin & Yerger's Rep. 268, the Supreme Court of Tennessee said, that "security need not be given until it has been judicially decided that, upon the facts set forth in the petition, as it respects citizenship, value of matter in dispute, &c., the applicant is entitled to a removal." In the case now here, the Supreme Court of the State of New York has said the same thing in effect. See 2 Denio's Rep. 197.

In Carey v. Cobbet, 2 Yeates, 277, the Supreme Court of Pennsylvania said, that "a bill of exceptions will not lie against the opinion of the court, in refusing the removal of an action into the United States court;" and finally, this court itself, in Gordon v. Longest, concedes a like discretion to the State court.

All these cases arose on the twelfth section of the act, except Carey v. Cobbet; and they are the only ones cited by the plaintiff which did so arise, except Muns v. Dupont, 2 Wash. C. C. Rep. 463; and, in this latter case, Justice Washington listened to, and relied on an affidavit as evidence to fix the amount in controversy.

But it is said, at pages 14 and 15 of the plaintiff's argument, that the original declaration "was uncontradicted evidence of the highest nature," and that the Common Pleas erred in afterwards receiving an affidavit of the plaintiff reducing the demand below $500."

In the first place, it is not true that a declaration, while in paper, is evidence "of the highest nature." If it were so, it would settle the rights claimed under it, for it would be a record, and could not be contradicted even by a plea.

It would settle the facts alleged in it beyond all controversy; and the proposition is practically absurd.

A declaration before judgment is like any other paper in the proceedings of a cause, and may be disputed and amended until the matters alleged in it have been finally adjudicated and settled, and until it has been enrolled, and then it becomes a re-

cord, and is "the highest evidence," and not until then. 1 Salk. 329; 1 Ld. Raymond, 243–9; J. R. 290. Neither was the declaration "uncontradicted," as has already been shown.

In the next place, the statement, that the Common Pleas received the plaintiff's affidavit, "reducing his demand below $500," is not true; the affidavit did not "reduce the demand," nor was it received for that purpose.

It merely showed the true amount of the demand, and that the plaintiff's attorney, Mr. Westervelt, had overstated it in the declaration, and the affidavit was received for that purpose, and for no other.

The true amount in controversy in this case was always less than $500, and it never belonged to a class of cases of which Congress intended the federal courts should have jurisdiction. And what reason, founded either on public policy or private right, can be assigned for depriving the State court of the means of satisfying itself whether the actual amount is such as to entitle the applicant to a removal or not?

In the United States v. Daniel, 4 Cranch, 316, a judgment had been obtained in a United States circuit court for more than $2,000, on the penalty of a bond of which the condition was less than $2,000. On a motion to dismiss the writ of error by which the judgment had been removed into this court, it was held, that the amount of the condition of the bond, and not of the judgment, controlled the jurisdiction, and the writ was dismissed.

Why should not the true amount, and not the fictitious one, be allowed to control the jurisdiction in the present case, as well as in the one just cited? They both sound in damages; the fiction in the one case was in the judgment, in the other in the declaration. Why should a declaration be considered more conclusive than a judgment?

*Fourth Point.* "While a court has jurisdiction, it has a right to decide any question which occurs in the cause."

*Fifth Point.* The plaintiff in error did not present the decision of the New York Common Pleas in this case to the appellate courts of the State of New York, as required by the laws of that State, to enable those courts to review that decision; and they have so decided; and this court will be governed by their decisions on this point.

Finally, it is submitted, that the original jurisdiction of the State court was not divested, nor the cause removed, by any proceedings of the plaintiff in error.

First. Because the plaintiff in error did not pursue the regular course of practice in entering the cause in the United States Circuit Court. See 1 Blatch. Rep. 150;

Second. Because he did not enter his appearance in the State court at the time of filing his petition for a removal, as required by the United States statute.

Third. Because he did not make it appear, to the satisfaction of the State court, that the matter in dispute exceeded the sum of $500, exclusive of costs, as required by the same statute.

Fourth. That the State court, having jurisdiction of the cause, had a right to make orders and proceed to judgment therein.

Fifth. That it appears, from the judgment of the New York Superior Court and Court of Appeals, that no question arising under the Constitution or laws of the United States was decided by either of them; but only certain questions relating to their own jurisdiction under local State laws, to review a chamber order, made by a single judge of an inferior State court, and certain questions of costs. And it is further submitted, that such decisions will not be revised by this court. And that the refusal of Judge Daly, of the New York Common Pleas, to grant an order for the removal of the cause, is the only decision in this case which this court will review. And that his decision was right.

Mr. Justice CURTIS delivered the opinion of the court.

This is a writ of error to the Superior Court of the city of New York. Upon the return of the writ at the last term, the defendant in error moved to dismiss it for want of jurisdiction. This motion was overruled, and the opinion of the court is reported in 14 Howard, 23. At the present term, the case has been submitted on its merits upon printed arguments filed by the counsel for the two parties.

The action was, originally, a suit in the Court of Common Pleas for the city and county of New York. The plaintiff was a citizen of the State of New York, and the defendant a citizen of the State of New Jersey; and at the time of entering his appearance, he filed his petition for the removal of the cause into the Circuit Court of the United States for the southern district of New York, and offered a bond with surety; the form of this bond, or the sufficiency of the surety does not appear to have been objected to. The declaration then on file demanded damages in the sum of one thousand dollars. That was the amount then in dispute between the parties. The words "matter in dispute," in the 12th section of the judiciary act, do not refer to disputes in the country, or the intentions or expectations of the parties concerning them, but to the claim presented on the record to the legal consideration of the court. What the plain-

tiff thus claims, is the matter in dispute, though that claim may be incapable of proof, or only in part well founded. So it was held under this section of the statute, and in reference to the right of removal, in Gordon v. Longest, 16 Peters, 97; and the same construction has been put upon the eleventh and twenty-second sections of the judiciary act, which makes the jurisdiction of this court and the Circuit Court dependent on the amount or value of "the matter in dispute." The settled rule is, that until some further judicial proceedings have taken place, showing upon the record that the sum demanded is not the matter in dispute, that sum is the matter in dispute in an action for damages. Green v. Liter, 8 Cranch, 229; Wise v. The Col. Turnpike Co. 7 Cranch, 276; Gordon v. Ogden, 3 Peters, 33; Smith v. Honey, 3 Peters, 469; Den v. Wright, 1 Peters C. C. R. 64; Miner v. Dupont, 2 Wash. C. C. R. 463; Sherman v. Clark, 3 McLean, 91.

Without any positive provision of any act of Congress to that effect, it has long been established, that when the jurisdiction of a court of the United States has once attached, no subsequent change in the condition of the parties would oust it. Morgan v. Morgan, 12 Wheat. 290; Clarke v. Mathewson, 12 Peters, 165. And consequently when, by an inspection of the record, it appeared to the Court of Common Pleas that the sum demanded in this action was one thousand dollars, and when it further appeared that the plaintiff was a citizen of the State of New York, and the defendant of the State of New Jersey, and that the latter had filed a proper bond with sufficient surety, a case under the twelfth section of the judiciary act was made out, and, according to the terms of that law, it was "then the duty of the State court to accept the surety, and proceed no further in the cause."

But the court proceeded to make inquiry into the intention of the plaintiff, not to claim of the defendant, the whole of the matter then in dispute upon the record, and allowed the plaintiff to reduce the matter then in dispute to the sum of four hundred and ninety-nine dollars, by an amendment of the record. It thus proceeded further in the cause, which the act of Congress forbids. All its subsequent proceedings, including the judgment, were therefore erroneous.

But it is objected that this is a writ of error to the Superior Court, and that by the local law of New York, that court could not consider this error in the proceedings of the Court of Common Pleas, because it did not appear upon the record, which, according to the law of the State, consisted only of the declaration, the evidence of its service, the entry of the appearance of the defendant, the rule to plead, and the judgment for want of a

plea, and the assessment of damages; and that these proceedings, under the act of Congress, not being part of this technical record, no error could be assigned upon them in the Superior Court. This appears to have been the ground upon which the Superior Court rested its decision. That it was correct, according to the common and statute law of the State of New York, may be conceded. But the act of Congress, which conferred on the defendant the privilege of removal, and pointed out the mode in which it was to be claimed, is a law binding upon all the courts of that State; and if that act both rendered the judgment of the Court of Common Pleas erroneous, and in effect gave the defendant a right to assign that error, though the proceeding did not appear on the technical record, then, by force of that act of Congress, the Superior Court was bound to disregard the technical objection, and inspect these proceedings, unless, which we shall presently consider, there was some defect in its jurisdiction which disenabled it from doing so.

The reason why the Superior Court declined to inspect these proceedings was, that the defendant did not plead them to the jurisdiction of the Court of Common Pleas, and thus put them on the record. And it is generally true, that a party claiming a right under an act of Congress, must avail himself of some legal means to place on the record that claim, and the facts on which it rests; otherwise he cannot have the benefit of a reexamination of the judgment upon a writ of error. But this duty does not exist in a case in which he cannot perform it without surrendering some part of the right which the act secured to him, and in which the court, where the matter is depending, is expressly prohibited from taking any further proceeding. In this case, the right of the defendant to remove the cause to the next term of the Circuit Court was complete, and the power of the Court of Common Pleas at an end. To require the defendant to plead, would deny to him his right to have all proceedings in that court cease, and would make all benefit of that right dependent on his joining in further proceedings in a court forbidden by law to entertain them. It would engraft upon the act of Congress a new proviso that, although the court was required to proceed no further, yet it might proceed, if the defendant should fail to plead to the jurisdiction; and that, though the defendant had done all which the laws required, to obtain the right to remove the suit, yet a judgment against him would not be erroneous, unless he should do more.

In our opinion, therefore, the act of Congress not only conferred on the defendant the right to remove this suit, by filing his petition and bond, but it made all subsequent proceedings of the Court of Common Pleas erroneous, and necessarily

18 *

required the court, to which the judgment was carried by a writ of error, to inspect those proceedings which showed the judgment to be erroneous, and which could not be placed on the technical record consistently with the act which granted the right of removal.

It should be observed that the judgment of the Superior Court did not proceed upon any question of jurisdiction. If it had quashed the writ of error, because the laws of the State of New York had not conferred jurisdiction to examine the case, this court could not have treated that judgment as erroneous. But entertaining jurisdiction of the writ of error, it pronounced a judgment, "that the judgment aforesaid, in form aforesaid given, be in all things affirmed and stand in full force and effect;" and it did so, because the plaintiff in error, by omitting to plead to the jurisdiction, had not placed on the record those proceedings which rendered the judgment of the Court of Common Pleas erroneous. The error of the Superior Court was therefore an error occurring in the exercise of its jurisdiction, by not giving due effect to the act of Congress under which the plaintiff in error claimed; and this error of the Superior Court, in the construction of this act of Congress, it is the province of this court to correct.

Though the point does not appear to have been made in Gordon *v.* Longest, yet it was upon this ground only that this court could have rested its decision to look into the proceedings for the removal of that suit from the State court. For it is as true in this court as in the Superior Court of New York, that, upon a writ of error, this court looks only at the technical record, and affirms or reverses the judgment, according to what may appear thereon. Inglee *v.* Coolidge, 2 Wheat. 363; Fisher's Lessor *v.* Cockerell, 5 Peters, 248; Reed's Lessee *v.* Marsh, 13 Peters, 153. But this is only one of the rules of evidence for the exercise of its jurisdiction as a court of error; it prescribes what shall and what shall not be received as evidence of what was done in the court below; and when an act of Congress cannot be executed without disregarding this general rule, it becomes the duty of this court to disregard it. The plaintiff in error, having a right to have the erroneous judgment reversed, must also have the right to have the only legal proceedings, which could be had consistently with the act of Congress, examined to show that error.

It is unnecessary to refer to the proceedings in the Court of Appeals any further than to say, that the appeal was dismissed for want of jurisdiction, that court not having cognizance of appeals from the decisions of a single judge at a special term. It is stated by counsel, that when these proceedings took place

Kanouse v. Martin.

in the Court of Common Pleas, there was, by law, no distinction between general and special terms of the Court of Common Pleas, and that, therefore, the plaintiff in error could not, by any proceeding, have. ntitled himself to go to the Court of Appeals.

We have not thought it necessary to inquire into this, because we are of opinion that the defendant was not bound to take any appeal to the general term, if there was such an one then known to the law. His right to remove the suit being complete, he could not be required, consistently with the act of Congress, to follow it further in the Court of Common Pleas; and the power of that court being terminated, it could not lawfully render a judgment against him; and it is of that judgment he now complains. The only legal consequence, therefore, of his not appealing to the general term is, that the Superior Court is the highest court of the State to which his complaint of that judgment could be carried, and therefore, under the twenty-fifth section of the judiciary act, a writ of error lies to reëxamine the judgment of that highest court.

The judgment of the Superior Court must be reversed, and the cause remanded, with directions to conform to this opinion.

## Order.

This cause came on to be heard on the transcript of the record from the Superior Court of the city of New York, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Superior Court, in this cause be, and the same is hereby reversed, with costs, and that this cause be, and the same is hereby, remanded to the said Superior Court, for further proceedings to be had therein, in conformity to the opinion of this court.