WILLIAM HERRYFORD, Appellant, *v.* THE ÆTNA INSURANCE Co., Respondent.

1. *Corporations — Citizenship.* — A corporation may be a citizen of a State, for the purpose of suing and being sued in the courts of the United States.

2. *Causes — Application for removal to U. S. Courts — Effect.* — When a corporation makes an application for a removal of the cause to the United States Circuit Court, in the manner required by the act of Congress, it is error in the State Court to proceed further in the matter, and any subsequent step is *coram non judice.*

3. *Statute of Insurance — Intent and Effect.* — It was not the intention of the statute of this State concerning foreign insurance agencies (R. C. 1855, p. 885, § 1, and Gen. Stat. 1865, p. 402, § 3) to preclude the party from making this application. Its proper effect is merely to make the service of process on the agent of the company in this State binding on the corporation, for the purpose of giving the court jurisdiction over the party.

4. *Statute of Insurance — Foreign Agency — Process.* — This statute gives all the facilities for serving the ordinary process of law upon the foreign corporation which takes up its residence in this State, by establishing an agency here under its provisions, that would exist in reference to a corporation chartered by the legislature of this State.

5. *Corporations — Citizenship in other States.* — Although a corporation may act by agents beyond the bounds of the State which created it, and become, constructively, resident of this State under the statute, not only for the purpose of suing and being sued, but for the purposes of taxation in respect to property found here, yet it does not follow that the corporation must therefore cease to be a citizen of another State, within the act of Congress of Sept. 24, 1789.

6  *Foreign Insurance Agencies — Pleading—Waiver.* — Under the first section of the act concerning foreign insurance agencies (R. C. 1855, p. 885, § 1), a corporation has the same right to remove a suit brought against it, into the courts of the United States, that any other citizen of another State would have when sued in this State. Nor did it waive this right by answering and proceeding to trial after such removal had been refused. There can be no waiver of objection to proceedings that are entirely erroneous and void for want of jurisdiction.

## *Appeal from Fourth District Court.*

*Adams & Shackelford*, for appellant.

I. The defendant was a foreign corporation, which could only do business in this State by complying with our statutes requiring them to concede the right to be sued in the courts of this State and to abide the issue of such suit. (R. C. 1855, p. 884.) After obtaining this privilege, the defendant became and was in this respect a domestic corporation, and was estopped from transferring this case to the courts of the United States. It thereby waived the right, if it ever had any, to resort to the United States courts. The right to appeal to those courts, from another court of competent jurisdiction, is one which the party had. a right to waive, and did waive; and it would be a violation of good faith, and against public policy, to suffer the defendant to withdraw the case from the State court. (See Reichard v. Manhattan Ins. Co., 31 Mo. 518; McAllister v. Penn. Ins. Co., 28 Mo. 214.)

II. In this case the defendant not only had no right to resort to the courts of the United States in the first instance, but, after he had made the attempt to do so and failed, he submitted himself fully to the jurisdiction of the State court by answering and going to trial upon the merits. By pleading and going to trial upon the merits, he has lost all right now to raise the question of jurisdiction.

III. But the defendant never had any such right. This law of the United States applies to aliens and citizens of other States,

and not to corporations which are not citizens. (Judiciary Act of U. S. of 1789, § 12; see 16 Pet. 103; U. S. Constitution, art. 3, § 2.)

*Prewitt*, for respondent.

I. The court erred in refusing to send the case to the U. S. Circuit Court. The law of Congress is peremptory. The State can make no law to deprive the federal courts of their jurisdiction, or the laws of Congress of their force. (Brightley's Dig. 128; Act 24th Sept., 1789, § 12; U. S. v. Holliday, 3 Wal. 419.) And any agreement made in contravention of said law is against public policy, against the law, and void. (Reichard v. Manhattan Life Ins. Co., 31 Mo. 518; 2 Story's Eq. § 1457; Addison on Cont. 96.)

II. The petition of plaintiff is in the nature of an appeal, and is not waived by answering to the merits or trying the cause. All the subsequent proceedings were *coram non judice*. (16 Pet. 97; 15 How. 198; Mechanics' Bank v. N. Y. & N. H. R.R. Co., 3 Kirnan, N. Y. 599; Marshall v. Baltimore & Ohio R.R. Co., 16 How. 325.)

HOLMES, Judge, delivered the opinion of the court.

The plaintiff brought suit against the defendant in the Circuit Court of the county of Howard. Service was had upon an agent of the defendant, who had charge of an agency office of the company in said county. The defendant appeared to the action, and presented to the court a petition and bond praying for a removal of the cause into the Circuit Court of the United States for the District of Missouri, under the act of Congress of the 24th of September, 1789, and alleging that the plaintiff was a citizen of the State of Missouri, and that the defendant was a corporation duly incorporated under the laws of the State of Connecticut, having its principal place of business at Hartford, in that State, and was a citizen thereof, and that the stockholders were not citizens of this State; and that the matter in controversy exceeded the sum of five hundred dollars. The plaintiff objected that the corporation was not a citizen of another State within the

meaning of the act of Congress, and that the defendant was estopped from making the application by reason that, being a foreign insurance company, and having established an agency in this State under our laws, it had voluntarily subjected itself to the jurisdiction of the courts of this State as a condition precedent to the right of transacting business here, and could not divest the court of jurisdiction by this proceeding for a removal of the case to the Circuit Court of the United States, under the act of Congress; and that the policy was issued by an agent of the defendant in this State, under the authority granted by the laws of the State. These objections were sustained, and an order of removal was refused. The defendant excepted, filed an answer, and proceeded to trial. The plaintiff recovered a verdict and judgment, from which the defendant appealed to the District Court, where the judgment was reversed and the cause remanded, for the reason that the court erred in refusing to make the order of removal; and the case is brought by appeal to this court.

That the corporation may be a citizen of a State, for the purpose of suing and being sued in the courts of the United States, must be considered as settled. (Marshall v. Baltimore and Ohio R.R. Co., 16 How. 314.) When the party makes an application for a removal of the cause, in the manner required by the act of Congress, it is error in the State court to proceed further in the matter, and every subsequent step is *coram non judice*. (Gordon v. Longest, 16 Peters, 97; Kanouse v. Martin, 15 How. 198.) All further proceedings are erroneous. The laws of this State could not withdraw a citizen of another State from the operation of the act of Congress, nor deprive him of this right of removal of his case to the federal court. (United States v. Holliday, 3 Wal. 407.) It does not appear to have been the intention of the statutes of this State on the subject of foreign insurance agencies to deprive the party of this right. There is nothing in their provisions to preclude him from making this application. Their proper effect is merely to make the service of process on the agent of the company in this State binding on the corporation, for the purpose of giving the court jurisdiction over the party. Such service is to be " deemed a service upon the

company," and "shall authorize the same proceedings in such suit as in case of other suits in said courts." (Gen. Stat. 1865, ch. 90, § 3.) If service were had upon an individual citizen of another State, being found within this State, in such manner as to give the courts of the State jurisdiction over him, there could be no doubt of his right to avail himself of this privilege of removal of his case into the federal courts, nor that, if he did not claim the right, the proceedings and judgment would be binding upon him as in other cases.

This corporation had filed with the clerk of the County Court the resolution of the board of directors, as required by the statute. It is this, and not merely the consent of the defendant, that gives the courts jurisdiction. It has been decided that this statute gives all the facilities for serving the ordinary process of law upon the foreign corporation which takes up its residence in this State, by establishing an agency here under its provisions, that would exist in reference to a corporation chartered by the legislature of this State ; that it would not be liable to attachment as a non-resident, and that, having such agency and a place of business here, "it ceases to be, for all the purposes of this law, a foreign corporation." (Farnsworth v. Terre Haute, Alton & St. Louis R.R. Co., 29 Mo. 75.) In the case of The City of St. Louis v. The Wiggins Ferry Co., 40 Mo. 580, it was held that although a corporation is a citizen of the State in which it is created, and must dwell in the place of its creation, and can have no legal existence beyond the dominion of the government which created it, yet it may act by agents beyond the bounds of that State, and become, constructively, resident in this State under the statute, not only for the purpose of suing and being sued, but for the purposes of taxation in respect of property found situate here. But it does not follow that the corporation must therefore cease to be a citizen of another State, within the meaning of the act of Congress in question.

There is nothing in the acts of the defendant that can have the effect to estop it from asserting this right. It had subjected itself to the jurisdiction of our courts under the statute laws. It submitted to this jurisdiction by appearing to the suit. It has the

same right to remove the case into the courts of the United States that any other citizen of another State would have when sued in this State. It has made no contract by which this right could be divested. In Reichard v. Manhattan Life Ins. Co., 31 Mo. 518, it was held that an agreement in a policy to waive the right to sue in our courts, and sue only in the courts of the State where the company was incorporated, was void, both as being against public policy and as being in contravention of our laws relating to foreign insurance companies. There was no such agreement in this case. Nor did defendant waive the right by answering and proceeding to trial after his application had been refused. There can be no waiver of objection to proceedings that are entirely erroneous and void for want of jurisdiction. (Broom's Max. 102.) The defendant was not bound to answer, and he might have refused to answer. (Kanouse v. Martin, 15 How. 209.) Having placed his exception to the action of the court in refusing his application on the record, he has a right to have that error corrected in this court.

The judgment of the District Court will be affirmed and the cause remanded to the Circuit Court for further proceedings. The other judges concur.