DAVID T. STANLEY, Respondent, *vs.* THE CHICAGO, ROCK IS-LAND AND PACIFIC RAILROAD Co., Appellant.

1. *Corporations—Citizenship—U. S. Courts, removal of causes to.*—Corporations have citizenship for the purposes of suing and being sued, and are embraced in the U. S. legislation with reference to the removal of causes to its courts from State Courts.

2. *Practice civil—U. S. Courts, removal of causes—State courts, jurisdiction of, after application for removal—Amendments to pleadings.*—After an application for the removal of a cause to the U. S. court is regularly made, the State court has no further jurisdiction, and cannot allow amendments to the pleadings.

3. *Practice, civil—U. S. Courts, removal to—Application for*—An application for the removal of a cause, which complies with the requirements of the existing law, is not invalid because it prays for the removal under laws which have been repealed.

4. *Practice, civil—Jurisdiction—Removal, application for—Trial—Other remedy—Cause, reversal of.*—By participating in the trial of a cause after the court has improperly refused an application for its removal to the United States Court, the defendant does not waive the question of jurisdiction, nor does the fact, that he might have pursued another remedy, prejudice his right to have the judgment of the lower court reversed by this court.

*Appeal from Mercer Circuit Court.*

*Shanklin, Low & McDougal,* for Appellant.

I. The plaintiff could not defeat defendant's right to have the cause removed into the circuit court of the United States by amending his petition so as to reduce the claim below the jurisdiction of a circuit court of the United States. (Kanouse vs. Martin, 15 How. [U. S.], 198; Ladd vs. Tudor, 3 Woodb. & Minot, 325 : Roberts vs. Nelson, 8 Blackf., 74 ; Hereford vs. Ætna Ins. Co., 42 Mo., 148.)

II. The defendant did not waive his right to have the cause removed by appearing and going to trial. (Gordon vs. Longest, 16 Pet., 97; Hereford vs. Ætna Ins. Co., 42 Mo., 148.) Under the laws existing prior to the act of 1875, appeal to State Supreme Court was the only remedy when the State court refused to grant petition for removal. (Hough vs. Western Trans. Co., 1 Biss., 425.)

*C. M. Wright,* for Respondent.

I. The amount claimed in the petition is presumptively the amount in dispute, but the presumption is not conclusive, and plaintiff may prevent a removal by amending his petition so as to reduce the claim. (People vs. New York, C. P., 2 Den., 197 ; Disbrow vs. Driggs, 8 Ab. Pr., 305 note.)

HOUGH, Judge, delivered the opinion of the court.

The plaintiff brought suit against the defendant in the circuit court of Mercer county, claiming damages in the sum of $1,020. The defendant appeared to the action, and on the 5th day of November, 1874, and before filing an answer, presented to the court a petition, affidavit and bond, praying for a removal of the cause into the circuit court of the United States for the western district of Missouri, under the act of congress of July 27, 1866, as amended by the act of March 2, 1867, and alleging that the plaintiff was a citizen of the State of Missouri, and that the defendant was a corporation organized and existing under the laws of the States of Illinois and Iowa, having its principal place of business in Chicago, in the State of Illinois, and was a citizen thereof ; that the amount in controversy exceeded the sum of five hundred dollars, and that the affiant had reason to believe, and did believe, that from prejudice and local influence of the plaintiff the defendant would not be able to secure justice in said Mercer circuit court.

The plaintiff thereupon asked and obtained leave of the court to amend his petition, and on the succeeding day filed an amended petition, claiming only four hundred and eighty dollars damages.

The defendant's application for change of forum was then refused, and the cause proceeded to trial in the circuit court, where judgment was rendered for the plaintiff, and the defendant has brought the case here by appeal.

No objection was made to the form of the application, or the facts on which it was founded, nor was the sufficiency of the bond questioned.

While the application was made in November, 1874, the removal was asked under the provisions of the act of July 27, 1866, as amended by the act of March 2, 1867—statutes which had been repealed by the adoption of the Revised Statutes of the United States on the 22d day of June, 1874. The substantial provisions of these acts, however, were incorporated in section 639 of the Revised Statutes, and are as follows:

"Any suit commenced in any State court, wherein the amount in dispute, exclusive of costs, exceeds the sum or value of five hundred dollars, to be made to appear to the satisfaction of said court, may be removed, for trial, into the circuit court for the district where such suit is pending, next to be held after the filing of the petition for such removal, hereinafter mentioned, in the cases and in the manner stated in this section."

First    \*    \*    \*    \*    \*    \*    \*

Second    \*    \*    \*    \*    \*    \*

Third. "When a suit is between a citizen of the State in which it is brought, and a citizen of another State, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, filed at any time before the trial or final hearing of the suit, if, before or at the time of filing said petition, he makes and files in said State court an affidavit stating that he has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain justice in such State Court."

The section further provides for giving a bond conditioned as therein provided, and proceeds as follows:

"It shall thereupon be the duty of the State court to accept the surety, and to proceed no further in the case against the petitioner." \* \* \*

Inasmuch as the application conformed in every essential particular to the law in force at the time it was made, we do not conceive that the mistake made in invoking, as authority for the removal, statutes which no longer existed as separate enactments, would impair the efficacy of the application.

Corporations have citizenship for the purpose of suing and being sued, and the legislation of congress on the subject under consideration embraces them as well as individuals or natural persons. (Hereford vs. Ætna Ins. Co., 42 Mo., 148.)

The circuit court erred in permitting the plaintiff to amend his petition so as to reduce the amount in dispute to a sum less than five hundred dollars. After the application for removal was regularly made, the circuit court had no jurisdiction to proceed further with the cause. (Kanouse vs. Martin, 15 How., 198.)

Nor did the plaintiff waive the question of jurisdiction by participating in the subsequent trial of the cause. (Insurance Co. vs. Dunn, 19 Wall., 214; Gordon vs. Longest, 16 Pet., 97; Hereford vs. Ins. Co., 42 Mo., 148.)

The circuit court having proceeded to try the case in violation of law, it would be improper to enter into any examination of the merits of the controversy.

The fact, that the defendant might have pursued another remedy, will not prejudice his right to a reversal of the judgment of the circuit court by this court, for the reasons before stated.

The judgment of the circuit court will be reversed, and the cause remanded, with instructions to enter an allowance of the petition of the defendant for the removal of the cause to the circuit court of the United States for the western district of Missouri, *nunc pro tunc.* All the other judges concur, except Judge Vories, who is absent.