————o————

HENRY S. BEERY, Defendant in Error, vs. THE CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Plaintiff in Error.

1. *United States Courts, removal of causes to—Power of State Courts after.—* Where proper application is made by defendant for the removal of a cause from the State to the United States Court, the former can proceed no further with the cause, and a non-suit cannot be taken therein by plaintiff.

*Error to Clinton County Circuit Court.*

*Shanklin, Low & McDougal,* for Plaintiff in Error, cited: Ferry vs. Imperial Fire Ins. Co., per Dillon, J., 2 Cent. L. J., 459 ; R. R. Co. vs. Whitton, 13 Wal. 270 ; Herryford vs. Ins. Co., 42 Mo. 151–3 ; Hough vs. West. Transp. Co., 1 Biss. 425 ; Gordon vs. Longest, 16 Pet. 97 ; Kanouse vs. Martin, 15 How. 198 ; Roberts vs. Nelson, 8 Blatch. 74 ; Fashnacht vs. Frank, Sup. Ct. U. S., 2 Cent. L. J., 290 ; Osgood vs. C. D. & V. R. R., 2 Cent. L. J., 283 ; First Nat. Bank vs. Bridge Co., 2 Cent. L. J., 616 ; "The Two Orphans," 2 Cent. L. J., 738 ; Browning vs. Chrisman, 30 Mo. 353 ; Worthington vs. White, 42 Mo. 462 ; Keithley vs. May, 29 Mo. 220.

No brief filed for Defendant in Error.

SHERWOOD, C. J., delivered the opinion of the court.

Plaintiff sued defendant for damages in the sum of $1,500 alleged as resulting from the construction and operation of defendant's road on the street in front of plaintiff's premises in the town of Cameron. Suit was brought in July, 1875. At the ensuing August Term, defendant applied for the removal of the cause to the Federal Court.

The application and bond were in the usual form and the bond approved. After this occurred, plaintiff, as the bill of exceptions recites, " with the avowed purpose of reducing his claim herein below the jurisdiction of a Circuit Court of the United States * * * * for the purpose of preventing said defendant from removing said cause * * * * * and with the intent to renew said suit by filing a new petition in this court, for the said cause of action, with the claim of damages reduced below $500, by leave of the court dismissed said suit." Thereupon the application of defendant was denied.

We regard such denial as erroneous.

In Stanley vs. The Chicago & Rock Island R. R. Co. ( 62 Mo., 508,) it was held, following as well a former decision of this court (Herryford vs. The Ætna Insurance Co., 42 Mo. 148) as the rulings of the Supreme Court of the United States. (Kanouse vs. Martin, 15 How. 198 ; Gordon vs. Longest, 16 Pet. 97) that

upon the proper application being made conformably to congressional requisition, the State Court could proceed no further with the cause, and any attempt in that direction was *coram non judice*.

In that case the plaintiffs sought to prevent the removal by amendment whereby he reduced the amount of his claim below $500, but it was held to make no difference, seeing that the jurisdiction of the Federal Court had attached. (Kanouse vs. Martin, *supra*.) I am unable to distinguish the case at bar from our last adjudication respecting applications of the nature under consideration, since if the jurisdiction of the Federal Court had attached to the subject matter of the action, the State Court was powerless to proceed in any manner, unless the novel theory of a divided jurisdiction should prevail.

The distinction between taking a non-suit and so amending a petition as to reduce the claim, is one in *degree* rather than in *kind*, because the latter method of procedure is in reality a non-suit *pro tanto*, and the State Court, by allowing either course to be taken, is acting in contravention of the legislative mandate. It may be, indeed, urged, that on reaching the Federal Court the plaintiff may *there* dismiss his suit, and that it is but an idle ceremony to compel him to do this in the United States Court instead of the court wherein the cause originates ; but this is a matter wherein we have no concern, for it is a question not of convenience or expediency, but a simple one *of power* in the State court to proceed further when expressly prohibited from so doing. The application for removal in the present instance was framed under section 639, U. S. R. S. ; but so far as concerns the case before us, and the point being discussed, it was good, under the act of March 3d, 1875. As the third section of that act is similar in its provisions to sec. 639, *supra*, in the duty it imposes on the State court to accept the petition and bond, and having done so, to proceed no further in the suit. As before seen, the approval of the court had been given, and consequently no necessity exists for examination of the point elsewhere asserted, that the mere filing of the petition and bond, *ipso facto* removes the cause. (" The Two Orphans " 2 Cent. L. J., 730 & cas. cit.)

For the errors committed in permitting the dismissal, and in refusing a removal of the cause, the judgment must be reversed and the cause remanded. All the judges concur.