OTTO KRUEGER, Respondent v. CHICAGO & ALTON RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 30, 1900.

1. **Removal of Causes:** SUBSEQUENT ACTION: JURISDICTION OF STATE AND FEDERAL COURTS. An action brought in a state court and transferred by the defendant to the federal court may be dismissed by the plaintiff in the latter court and again instituted in the state court.

2. ———: ———: ———: LOCAL INFLUENCE. As the constitution authorizes a nonresident plaintiff to sue in the federal court so the removal act authorizes the nonresident defendant to transfer an action to the federal court, so that there is a tribunal in each state presumed to be free from local influence to which any, nonresident or alien, may resort.

3. **Railroad:** TRESPASSER: REMOVAL FROM TRAIN: SPEED: INSTRUCTION. A trespasser stealing a ride may be removed from a train but can not be compelled to leap from a train running at such speed as to make the jump hazardous; but an instruction authorizing a recovery if plaintiff was compelled to leave the train while in motion is erroneous since the motion may be such as not to make the alighting dangerous.

4. ———: ———: ———: ———: ASSAULT. Striking a trespasser in the face with a lantern and knocking him off the car is an improper act for which the carrier will be liable, however slow the motion of the train, if the trespasser was thus deprived of the use of his faculties.

5. ———: ———: ———: BRAKEMAN'S DUTIES: EVIDENCE.
The duty of a freight brakeman to remove trespassers is not presum-
ed but must be proved, and can not be shown by the opinion of wit-
nesses.

6. ———: ———: ———: ———: ———. A brakeman can not
be asked whether certain acts are in the line of his duties but he
could state what he was directed to do or that he had done certain
acts and how long he had been accustomed to do them.

7. ———: ———: ———: ———: ———. Expressions of employ-
ees not connected with the removal of a trespasser from the train
are inadmissible on the trial to recover damages for such removal.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,*
Judge.

REVERSED AND REMANDED.

*Wash Adams* and *Chas. B. Adams* for appellant.

(1) The court erred in giving plaintiff's first instruc-
tion. It authorizes a recovery no matter how slow the train
was moving. Defendant has a lawful right to put a tres-
passer off a slowly moving train, and to use all force neces-
sary to do so. Railroad v. Mitchell, 56 Kan. 324. (2) It
does not submit to the jury the question of fact as to
whether the brakeman was employed or directed by defend-
ant to remove trespassers from its freight trains. Farber
v. Railroad, 116 Mo. 81; 2 Wood on Railway Law, sec. 316;
Snyder v. Railroad, 60 Mo. 419; Railroad v. Anderson, 17
S. W. Rep. 1039; Farber v. Railroad, 32 Mo. App. 381;
Marion v. Railroad, 59 Ia. 428; Bess v. Railroad, 14 S. E.
Rep. 234. This vice is also common to the third, fourth,
fifth and seventh instructions given for plaintiff. (3) The
court erred in permitting plaintiff's witnesses to answer the
question, "What were the duties of a brakeman on the Chi-
cago & Alton Railroad in 1894 and 1895," because the ques-
tion called for the mere conclusion or opinion of the witness

and is not the best evidence.    Abbott's Trial Evid., sec. 47;
Tool Co. v. Hardy, 114 Mass. 197; Scott v. Witt, 41 S. W.
Rep. 401; Kendall v. Bain, 46 Mo. App. 588; Muff v. Rail-
road, 22 Mo. App. 587; Madden v. Railroad, 50 Mo. App.
673; Kiesel v. Ins. Co., 88 Fed. Rep. 243; Arndt v. Boyd,
48 S. W. Rep. 772; Greenl. on Evid., sec. 582; Bliss on Code
Pleading, sec. 212.    (4) The court erred in admitting the
following testimony in the deposition of plaintiff's witness,
George Ivers:  "I told the conductor on this westbound
train; he asked me what was the matter; I merely told him
a brakeman had knocked a fellow off the train and it ran
over his foot; he went in and looked at him and said it was
a dirty shame."    This testimony was purely hearsay and
materially prejudiced defendant's case.    Scovill v. Glasner,
79 Mo. 449.    (5) The court erred in overruling defendant's
motion to set aside the verdict and judgment and dismiss
the cause.    Exclusive jurisdiction of this cause of action
vested in the federal court by the removal of the original
suit from the state court, and the judgment rendered herein
was therefore a nullity.    Cox v. Railroad Co., 68 Ga. 448;
Railroad v. Fulton, 53 N. E. Rep. 265; Kern v. Huidekoper,
103 U. S. 485; Herryford v. Ins. Co., 42 Mo. 148; Beery v.
Railroad, 64 Mo. 534; Freeman on Judgments, sec. 261.
This point was not waived by appearance.    Kimball v.
Kimball, 19 Sup. Ct. Rep. 639; Little v. Bowers, 134 U. S.
558, 559.

*Reed & Reed* for respondent.

(1) It was not error to submit plaintiff's first instruc-
tion.    "It is only necessary to instruct the jury upon dis-
puted facts."    Russell v. Ins. Co., 55 Mo. 585; Matthews v.
Elevator Co., 59 Mo. 474; Alberger v. White, 117 Mo. 347;
Moore v. Streigel, 50 Mo. App. 308; Noble v. Blount, 77
Mo. 235; Schooler v. Schooler, 18 Mo. App. 69; McKeon v.
Railroad, 43 Mo. 405; Smith v. Culligan, 74 Mo. 387; Easeley

v. Railway, 113 Mo. 236; Burdoin v. Trenton, 116 Mo. 358; Meade v. Railroad, 68 Mo. App. 92; Muehlausen v. Railroad, 91 Mo. 332; Henry v. Railroad, 113 Mo. 525; Swan v. Lullman, 12 Mo. App. 584; Roos v. Clark, 14 Mo. App. 594; Sappington v. Railroad, 14 Mo. App. 86. (2) There was absolutely no question in this case as to the source of the brakeman's authority. The instructions offered by both plaintiff and defendant completely cover the question as to the duties and scope of employment of the brakeman. The law relative to this question is properly declared in Rounds v. Railroad, 64 N. Y. 129. (3) It was conclusively established by overwhelming and competent evidence that the acts of the brakeman were within the scope of his employment. Railroad v. Kelly, 36 Kan. 655; Welsh v. Railroad, 42 Atl. Rep. 736; Farber v. Railway, 139 Mo. 285; Railroad v. Anderson, 25 S. E. Rep. 948; Brennan v. Santa Fe Receivers, 72 Mo. App. 107; Pierce v. Railroad, 32 S. E. Rep. 402; Elliott v. Railroad, 52 S. W. Rep. 833; Smith v. Railroad, 95 Ky. 11; Railroad v. Boyer, 18 O. Cir. Ct. Rep. 327; Railroad v. King, 179 Ill. 91; Higgins v. Railroad, 46 N. Y. 23; Hoffman v. Railroad, 41 Am. Rep. 338; Ramsden v. Railroad, 104 Mass. 117; Railroad v. Hack, 66 Ill. 238; Cline v. Railroad, 37 Cal. 400; Railroad v. Reagan, 52 Ill. App. 488; Railroad Co. v. Grigsby, 35 S. W. Rep. 815; Smith v. Railroad, (Ky.) 23 S. W. Rep. 652; Railroad v. Godkin, 30 S. E. Rep. 378; Railway v. Mother, 24 S. W. Rep. 79; Thurman v. Railroad, (Ky.) 34 S. W. Rep. 893. (4) Appellant waived objection to testimony by failing to urge the objection at the trial. (5) The trial court was not without jurisdiction.

ELLISON, J.—This is an action for personal injury alleged to have been inflicted on plaintiff by defendant's servants in managing and operating its train. The judgment in the trial court was for plaintiff.

It appears that plaintiff before bringing this suit had instituted an action for the same injury in the state circuit court, alleging his damages to be $10,000. That thereupon the defendant, being a nonresident corporation, had the cause transferred to the federal circuit court, as provided by act of congress for the transfer of causes when the sum sued for is $2,000 or more. The case was put on trial in that court when, at the close of the evidence for plaintiff, he took a voluntary nonsuit. Afterwards, he instituted the present action for the same injury, but placing his damages at $1,999, a sum not large enough to permit a transfer under the act aforesaid. Defendant endeavored to have this action dismissed in the trial court on the ground that when the action as originally brought was transferred to the federal court, that court became possessed of exclusive jurisdiction of the "controversy" between the parties, or, in other words, of the subject-matter.

The only cases bearing directly on the point are two cited by defendant's counsel. Cox v. Railway, 68 Ga. 448 and Railway v. Fulton, 59 Ohio St. 575. Each of these bear out defendant's contention. But after careful consideration, we have concluded that they do not place the proper construction on the federal statute.

In the Fulton case, the Supreme Court of Ohio illustrates its position by the statement: "No one would claim that after the case has been striken from its docket by the federal court, the state court could determine whether it should be reinstated; and that by parity of reasoning, the state court can not pass on the right of the plaintiff to recommence the action after it has been dismissed by the federal court." But, with all deference, we think that parity of reasoning ought not to be attempted in the instances suggested. No court would presume to pass on a question whether a case should be reinstated which has been stricken from the docket of another court. That belongs to the

same court and concerns the same case, but the point here, while concerning the same cause of action, relates to a subsequent and independent case.

The cases in the federal courts are not in harmony on the question whether an action in a state court may be pleaded in abatement of an action for the same thing in the federal court. Some hold that the federal and state courts are, in this respect, to be looked upon as foreign courts, and consequently a plea in abatement can not be sustained; while others maintain that, if the state and federal courts are in the same territorial jurisdiction they are not foreign, and the abatement should be allowed. But that is not the question here presented. Defendant reasons the case in this way: That since it is settled that when the proper steps have been taken to transfer a case from the state to the federal court, the state court is, *ipso facto,* divested of jurisdiction and any further proceeding in the state court, even though the defendant participates, is *coram non judice.* Kern v. Huidekoper, 103 U. S. 485; Herryford v. Ins. Co., 42 Mo. 148; Beery v. Railway, 64 Mo. 534. That therefore the federal court is possessed of the jurisdiction of the subject-matter of the controversy until it is finally determined. This, we think, does not follow. When once the case is transferred, or proper steps have been taken to cause the transfer, the federal court has exclusive jurisdiction of that case, but not of the subject-matter of that controversy which may be again presented in a subsequent case. The Constitution of the United States authorizes a citizen of one state to sue a citizen of another state in the federal court sitting in the latter state. And, as stated by the Supreme Court of Ohio in the case cited above, congress considering that a nonresident defendant ought to enjoy a like privilege with a nonresident plaintiff, conferred upon such defendant the right to transfer to the federal court when sued in the state court.

The supreme court of the United States said that one great object of this regulation of the jurisdiction of the federal courts was "to have a tribunal in each state, presumed to be free from local influence; and to which all who were non-residents or aliens might resort for legal redress." Gordon v. Longst, 16 Peters 97.

The federal law, as evidenced by those cases, place a plaintiff and a defendant on an equal footing with respect to the right to an adjudication in the federal court. The jurisdiction of the federal court is neither greater nor less, whether the cause is taken there by the plaintiff's act in instituting it, or the defendant's act in transferring it. So, therefore, if a nonresident defendant by removing a cause to the federal court invests that court with exclusive jurisdiction of the subject-matter which may be presented in a subsequent case, so would a nonresident plaintiff invest that court with a like jurisdiction of a case which he should institute in that court. We would therefore be bound to say that if once a nonresident plaintiff went into a federal court and afterwards dismissed his action he could only bring it again in that court—that he is forever barred from the state court. This has never been said of courts of concurrent jurisdiction. The defendant's taking a case to the federal court by transfer, gives the federal court no more jurisdiction than if he had been a plaintiff and had brought his action in that court. In other words, when a non-resident defendant causes the transfer of a case, brought by a resident plaintiff, to the federal court, such plaintiff would have the same rights as a nonresident plaintiff would have who went into the federal court in the first instance; that is, to dismiss and reinstitute the action in the state court.

As before stated, the foregoing Georgia and Ohio cases are all that have been cited us as having decided the question, but there are several cases where such second action has been allowed to be maintained without the point here

discussed being raised. Wilson v. Milliken (supreme court Kentucky, 1898), 44 S. W.. Rep. 660. It is assumed the action could be again instituted in Beery v. Railway, 64 Mo. 533. For the foregoing considerations we feel constrained to rule the point against defendant.

The train on which the accident happened was a freight train and it appears that plaintiff (with some others) was discovered hiding in a furniture car by one of the brakemen. He was endeavoring to ride over the road without paying fare. The evidence for plaintiff tends to show that the brakeman compelled him to get out of an opening at the end of the car. That to do this one had to swing down from the opening, or door, by holding on to the bottom with his hands until his feet would touch the "dead wood" of the car, and thence get off onto the ground. At this time the train was moving, but at what speed the evidence was conflicting. Plaintiff stated that while on this "dead wood" between the cars the brakeman continued to abusively order him off the car and finally struck him in the face with his lantern, which caused him to lose his footing and to fall to the ground with one foot under the wheels.

Plaintiff was a trespasser on the train and defendant had a right to put him off. But that right should be exercised with reason and humanity. Defendant had no right to force him to a position between freight cars and then compel him to leap to the ground if the train was running at such speed as to make such acts hazardous. And if it be true that plaintiff was struck in the face with a lantern and knocked off the car, that was an improper act, for the consequences of which defendant would be liable, however slowly the train may have been moving, if he was thus deprived of the exercise of his faculties. But a train may be running at such slow speed as to make it not hazardous for one to get off. So, therefore, it is ordinarily a question of fact for the jury whether the speed was too fast to admit of

the exercise of the right to force the trespasser off. Railway v. Mitchell, 56 Kansas 324. Instruction number one, given for plaintiff, directed the jury to find for plaintiff if he received the injury by reason of being forced to leave the train while it was "in motion." This was improper. For, as has been just said, the motion might have been slow enough for the jury to say that it did not involve hazard. The mere fact that the train was in motion does not determine the case against defendant.

It has been determined in this state that the duties of a brakeman on freight trains will not be presumed to include putting trespassers off. Farber v. Railway, 116 Mo. 81. So therefore, there should be proof that such was his duty *aliunde* the mere fact that he was a brakeman. Plaintiff undertook to show this by asking the question, direct, of witnesses whether they knew that the duties of a brakeman were. And the answers showed that their knowledge was their opinion of what those duties were. This is improper. Abbott's Trial Evid., 43; Providence Tool Co. v. Mfg. Co., 120 Mass. 35; Short Coal Co. v. Hardy, 114 Mass. 197; Kendall, etc., Co. v. Bain, 46 Mo. App. 588; Muff v. Railway, 22 Mo. App. 587; Madden v. Railway, 50 Mo. App. 673; Kiesel v. Ins. Co., 88 Fed. Rep. 243.

A brakeman should not be asked whether certain acts were in the line of his duty, for that would probably call for his conclusion instead of a statement of facts. Authorities, *supra.* But he could properly be asked what he was directed to do in respect to the matter of inquiry.

And if there was no evidence of what he was authorized or directed by his employer to do, except what could be shown by circumstances, it could be shown how long he had been engaged in performing certain acts so as to test the question whether he was so engaged with the knowledge and approval of his employers. And it could be shown, directly, that he had performed such acts with the knowl-

edge of his superiors. It is difficult to state in advance just what questions would be proper in cases of this nature, but the thing to avoid is that of calling for the opinion of the witness. The witness should state the facts for the purpose of enabling the jury to form an opinion.

The testimony stating the expression of one of defendant's employees that " it was a dirty shame," should be excluded on retrial as it was not connected with the accident. It would doubtless have been so excluded had the court's attention been properly called thereto.

The judgment will be reversed and the cause remanded. *Smith, P. J.,* concurs; *Gill, J.,* absent.