## The City of AURORA *v.* WEST and Another.

TRANSFER OF SUITS TO FEDERAL COURTS—APPEAL.— *W*, a citizen of *Ohio*, sued the city of *Aurora* in the Circuit Court of *Dearborn* county. After the filing of a counter-claim by the defendant, the plaintiff dismissed his suit, and then asked for and obtained an order transferring the action to the United States Circuit Court.

The City of Aurora *v.* West and Another.

*Held,* that as *W* elected to bring his suit in the State court, he had no right under the act of Congress to have it transferred.

*Held,* also, that no appeal will lie from the order transferring the cause.

APPEAL from the *Dearborn* Circuit Court.

GREGORY, J.— *West* and *Torrence* sued the city of *Aurora* in the court below in 1861, and obtained a judgment which was reversed on an appeal to this court. 22 Ind. 88. After the case was certified back, the appellant filed her counter-claim. The appellees then dismissed their complaint, and filed an application under the act of Congress to have the case certified to the United States Circuit Court, for the District of *Indiana.* The court below ordered the case to be so certified, over the objection of the appellant. From that order this appeal is prosecuted.

The ground of the application was that the appellees are citizens of the State of *Ohio,* and the appellant is a citizen of this State. The right to remove from the State to the Federal courts, in cases like this, is confined to suits commenced in the State courts *"against an alien, or by a citizen of the State in which the suit is brought against a citizen of another State.* See sec. 12 of the judicial act of 1789. The application must be made by the defendant *at the time of entering his appearance. West* and *Torrence,* having brought their action in the State court, had no right to have it removed under this provision of the act of Congress. But what is the remedy of the appellant? Appeals can be taken from the Courts of Common Pleas and Circuit Courts to this court from all final judgments, except in actions originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed $10. 2 G. & H., §.550, pp. 269, 270. And from an interlocutory order of any Court of Common Pleas, or Circuit Court, or judge thereof, in the following cases:

*First.* For the payment of money; to compel the execution of any instrument of writing, or the delivery or

assignment of any securities, evidences of debt, documents or things in action.

*Second.* For the delivery of possession of real property, or the sale thereof.

*Third.* Granting or dissolving, or overruling motions to dissolve, an injunction in term, and granting an injunction in vacation.

*Fourth.* Orders and judgments upon writs of *habeas corpus*, made in term or vacation. 2 G. & H. § 576, p. 277.

The case at bar does not come within any of these provisions, and we do not think that an appeal will lie.

It is the duty of the United States Court to remand the case to the State court; and when so remanded, it will be the duty of the latter court to proceed with the case.

The appeal is dismissed, with costs.

*J. Sullivan, T. D. Lincoln* and *W. S. Holman,* for appellant.

*A. G. Porter, B. Harrison* and *W. P. Fishback,* for appellees.