Christian, J.
delivered the opinion of the court.
In these two causes a motion is submitted by certain •non-resident parties (in the first named cause, by one of ■the appellants, and in the other by three of the appellees), to remove them from this court, where they are now pending upon appeals, to the Circuit court of the United States for this district.
• The application for removal is made under the act of •Congress of March 2d, 1867. “The act of July 27th, 1866, for the removal of causes from State courts is *486 hereby amended as follows: That where a suit is pending, or may hereafter be brought, in any State court, in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, such citizen of another State, whether he be plaintiff or defendant, if he will make and file in such State court an affidavit stating that he has reason to and does believe, that from prejudice or local influence he will not be able to obtain justice in such State court, may at any time before the final hearing or trial of the suit, file a petition in such State court, for the removal of the suit into the next Circuit court of the United States to be held in the district where the suit -is. pending, and offer good and sufficient security for his entering in such court on the first day of its session copies of all process, pleadings, depositions, testimony and other proceedings in said court, and doing other such appropriate acts as, by the act to which this is amendatory, are required to be done upon the removal of a suit into the United States court; and it shall thereupon be the duty of the State court to accept the surety, and proceed no. further in the suit; and the said copies being entered as aforesaid in such court of the United States, the suit shall there proceed in the same manner as if it had been brought there by original process.”
If the petitioners in the cases before us have brought themselves within the provisions of this statute; if, in other words, they are such parties as the statute describes, and this tribunal is such a State court as is referred to, in its terms, then it is a matter of right to the petitioners to have their cause removed to the Circuit court of the United States; and this court has no discretion on the subject. To determine these questions, it becomes necessary to enquire into and ascertain the true construction of the act of Congress of March 2d, 1867, and those acts of which it is amendatory.
*487 The jurisdiction of the Federal courts is clearly, defined by the constitution of the United States, and the laws of Congress; and it is a proposition too clear to admit of argument or doubt, that no cause can be removed into the Federal courts from a State court, except it be a cause of which, from the relation of the parties, or the subject matter of the controversy, the Federal court could have originally taken the jurisdiction.
It is perfectly obvious, that no suit can be removed to the national courts, which might not by the constitution of the United States have been originally commenced in one of these courts. It was never intended by the act of Congress known as the judiciary act, and the acts amendatory thereof, to extend the jurisdiction of these courts over causes brought before them on removal, beyond the limits prescribed to their original jurisdiction ; and such is the judicial construction which has uniformily been given to these statutes.
It may, therefore, be safely assumed, that all the decisions affecting the original jurisdiction of the United States courts, in the classes of cases, which may be removed, are equally applicable to them as the subjects of removal. Conkling’s Treatise 177, and cases there cited.
It is too well settled to require a citation of authorities to support the proposition, that where the jurisdiction of the United States courts depends upon the citizenship of the parties, all the plaintiffs must be competent to sue and all the defendants to be sued in said courts.
The expression used in the judiciary act, “or where the suit is between a citizen of the State where the suit is brought and a citizen of another State,” means, obviously, that each distinct interest should be represented by persons, all of whom are entitled to sue, or may be sued in the Federal courts. That is, when the interest is joint, each of the persons concerned in the interest must be competent to sue, or be sued in those courts. Strawbridge v. Curtiss, 8 Cranch, R. 267; Corporation *488 of New Orleans v. Winter & als., 1 Wheat. R. 91 ; 17 How. U. S. R. 468 ; 2 Paine R. 103.
In both of the cases which are now sought to be removed to the Circuit court of the United States, a part of the plaintiffs are citizens of other States, and part are citizens of Virginia. In the case of Beery v. Irick, one of six plaintiffs is a citizen of the State of Indiana, and the remaining five are citizens of Virginia.
The interests ' of these plaintiffs in both cases are so blended and tied up together, and so connected with the interests of the defendants in the two chancery causes respectively, in which they are all made parties, that it is impossible that their rights can be adjudicated without having all the parties before the same tribunal. It is obvious, therefore, that in neither case could the Federal courts take original jurisdiction, because they are both cases where the jurisdiction depends altogether on the citizenship of the parties, and a part of the plaintiffs are citizens of Virginia and a part citizens of other States ; and it is manifest their interests cannot be separated.
If, therefore, the motion now made here in the appellate court, had been made in the courts below (Circuit courts of Eockingham and Augusta), and before the final hearing, it ought not to have been entertained, because the cases were not such as could have been originally brought in the Circuit courts of the United States. Hubbard &c. v. Northern R. R. Co., 3 Blatchf. R. 84; S. C. 25 Vermont R. 715; Wilson v. Blodget, 4 McLean’s R. 363; Fisk v. Chicago, &c., R. R. Co., 53 Barb. R. (N. Y.) 472.
In the last named case it was distinctly decided, that “unless all the plaintiffs are citizens of the State in whose court the suit is brought, and all the defendants citizens of a State other than that, the case cannot be removed to the United States Court.”
But in the cases before us, there was a final decree by the court below, and no motion was submitted for a re *489 moval while pending in that court. But the motion is made here in the Appellate court, for the first time, after a final hearing of the causes in the court below. In the one case there was a decree in favor of the petitioner, in the other, a decree against the parties asking for removal.
If the cases before us were such cases as could be removed at any stage of the proceedings, to the Circuit court of the United States, it is clear that the motion comes too late when made in the Supreme appellate tribunal of the State. The act provides that the nonresident party to a suit in a State court between a citizen of that State and a citizen of another State, shall be entitled to a removal of his cause to the next Circuit court of the United States to be held in the district where the suit is pending, on making the proper application “ at any time before the final hearing or trial of the suit.”
The question we have to consider, is (admitting for the time that it is a proper case for a removal), was the application made before the “ final hearing or trial,” within the meaning and intent of the statute;
The word “final” applies to and qualifies the word hearing, and not the word “trial.” In the act of 1866 the language is “before trial or final hearing.” The transposition of the words in the act of 1867 was probably accidental, and not affecting, nor designed to affect, any change in the meaning. The words “final hearing” are ordinarily applied to cases in equity, while the word “trial” is applied to actions at law. The obvious and uumistakable intention of the statute was to require a party desiring a removal to do so before trials in action at law, and before a final hearing in suits in equity. In the language of the court in Akerly v. Vilas, 1 Abbot’s U. S. Dist. Ct. R. 293 : “ The reason and justice of this construction are apparent. Only the nonresident can apply for it. And it would constitute the very essence of injustice, to give him the right to experi *490 ment upon the decisions of the State tribunals, obtaining those which, if in his favor, would be binding and conclusive upon the other party, but which, if against himself, he could repudiate and take his chances again in a new tribunal. The statute did not intend to provide for any such wrong; but, on the contrary, clearly designed to exclude the possibility of it by requiring the application to be made before trial or final hearing.” Id. 293, 294.
It follows, therefore, that if the application for removal had been made in the court below after the decrees were pronounced, adjudicating the rights of the parties and settling the merits of the controversy, such a motion could not have been entertained under the express terms of the statute. Is the case different because these decrees have been superseded and brought before this court for review on appeal? We think not. There has been a final hearing of the cases in the court below. They are here for review, and the question before this court is, Shall these final decrees be reversed or affirmed ? If they can be now removed to the Circuit court of the United States, the same questions wall be presented to that court, and the Circuit court of the United States must either review the cases upon the records as they stand upon the docket of this court, and determine whether the decrees shall be reversed or affirmed, or it must set aside the decrees of the State court and try the cases de novo in the Federal court. If the theory of the learned counsel for the petitioners be true, the Federal court must take one or the other course. He does not tell us which. We think it can take neither. It never was the object of the statute to provide for a review of the decisions of a State court, but simply for the exercise of an election by a party to a suit in'a State court to transfer it to another court of original jurisdiction for trial. The design manifestly was to authorize an election between the two tribunals, not to give him a chance at both. *491 Any other construction would be to confer upon the Federal courts, whose jurisdiction is carefully limited by the constitution of the United States, an extraordinary and incongruous appellate jurisdiction, by which the judgment or decree of a State court, solemnly pronounced in a case where it had the undoubted jurisdiction, could be reviewed, reversed and annulled by a Federal court. . ■
Such a construction would permit a party who has deliberately chosen his tribunal, after years of litigation in a State court, where the decision, if in his favor, would bind the other party, if against him, to take another chance in another forum, to repudiate the authority of the tribunal he has chosen, after a final hearing of his cause, by invoking the aid of another State court, the Supreme appellate court, to enable him to get his cause before a Federal court.
In one of the cases before us the non-resident petitioner had failed in the court below upon the final hearing of his cause, and there was a decree against him. It will be conceded by his own counsel that he could not then, without obtaining an appeal, have removed the cause to the Federal court. It was too late by the express -terms of the statute. He then invokes the aid of this court, upon the ground that the decree against him was erroneous. An appeal is allowed him by this court, or one of its judges ; and thereupon he files his petition and affidavit that “he has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain justice” from this court, whose appellate power has been invoked, and granted, to relieve him against a decree which he complains is erroneous. If the appeal had not been allowed, the case, confessedly, would have been at an end, and could not have been removed to the Federal court. He prays an appeal, ostensibly that the decree may be reviewed and reversed by this court, and wheu he obtains it, he *492 seeks to make this court, the supreme appellate tribunal ot' the State, the mere conduit through which he may travel to a Federal court. Such a course is unwarranted by any law, by any decision of any court, State or Federal, and is in conflict with the express terms of the ac^ Congress which, in effect, declares that no case shall be removed from the State courts to the Federal 0011 rta after trial and final hearing.
Such a course of practice would be to substitute the Circuit court of the United States, as an Appellate court to the Circuit court of the State, in the place of that Supreme appellate court constituted by the constitution and laws of this State as the court of the last resort. Such unprecedented and dangerous jurisdiction in the Federal courts' will never be recognized by this court, unless the very letter of the law imperatively requires it, and unless such law, if enacted by Congress, shall be declared by the Supreme court of the United States to be consonant with the constitution of the United States, which expressly limits the jurisdiction of the Federal courts.
We are of opinion that the motions for removal in both cases be overruled.
The order was as follows:
This day came again the parties by their attorneys, and the court having maturely considered the petition and arguments of counsel upon the motion for the removal of this cause to the next Circuit court of the United States, to be holden at Harrisonburg, in the western district of Virginia, is of opinion, for reasons stated in writing and filed with the record, that this is not a proper case for removal under the act of Congress of March 2, 1867. It is, therefore, considered that the motion aforesaid be overruled.