# Wheeling.

HENEN, ADM'R *v.* THE B. & O. R. R. Co.

Decided May 7, 1881.

1881
Spring
Special Term.

Henen, Adm'r,
v.
The B. & O. R.
R. Co.

1. An order of a State court removing a case at law to the circuit court of the United States under section 639, page 114 of the Revised Statutes of the United States 2d ed. is reviewable by the Supreme Court of Appeals of this State by writ of error, and upon such review said Supreme Court of Appeals may reverse or affirm such order, as justice and the law may require in the opinion of such Court.

2. Where a petition is filed in a State court praying the removal of a case from such court to a circuit court of the United States under said section 639 of the said Revised Statutes, the State court ought not to receive the bond offered by the petitioner, unless the condition of the bond so offered contains the material parts prescribed and required by said section in such a case.

3. A railroad corporation may have an existence in more than one State, if chartered or licensed to build its road in more than one State.

4. The Baltimore and Ohio Railroad Company is a domestic corporation of this State and liable to be sued here; and the court will take judicial cognizance of that fact. *Hart* v. *The Baltimore and Ohio Railroad Company,* 6 W. Va. 336.

5. When such company is sued in the courts of this State by a citizen thereof, such suit cannot be removed into the circuit court of the United States for the district of West Virginia, in such case said 639th section of said Revised Statutes does not apply to or embrace the said company.

Writ of error to an order of the circuit court of the county of Wetzel made on the 18th day of October. 1879, in an action in said court then pending, wherein

John Henen, administrator, was plaintiff and the Baltimore and Ohio Railroad Company was defendant, allowed upon the petition of said Henen.

Hon. A. B. Fleming, judge of the second judicial circuit, made the order complained of.

HAYMOND. JUDGE, furnishes the following statement of the case:

This is an action of trespass on the case brought by the plaintiff, John Henen, administrator of Jane Smith deceased, against the defendant for the killing of plaintiff's intestate by the defendant's servants driving a steam engine over her at a public crossing on its railroad, in an unlawful, careless and negligent manner on the 10th day of February, 1879. The suit was brought in the circuit court of Wetzel county, State of West Virginia, on the 28th day of July, 1879. The declaration contains two counts. The damages claimed in the declaration are $5,000.00.

It appears, that on the 18th day of October, 1879, the defendant, by its counsel, appeared in said circuit court and filed its petition to the said circuit court, which is as follows:

"*To the Honorable A. Brooks Fleming, Judge of the Circuit Court of Wetzel County, in the State of West Virginia:*

"The petition of the Baltimore and Ohio Railroad Company respectfully represents, that your petitioner was incorporated and made a body politic by an act of the General Assembly of the State of Maryland, by an act entitled 'An act to incorporate the Baltimore and Ohio Railroad Company' passed on the 28th day of February, 1827; that the purpose of said act was, as sufficiently indicated by its title, to secure the construction and working of a railroad from the city of Baltimore, in the State of Maryland, westward through said State, the (then) State of Virginia, and perhaps in part through

1881
Spring
Special Term.

Henen, Adm'r,
v.
The B. & O. R.
R. Co.

the State of Pennsylvania to some point on the Ohio river ; that said charter was duly accepted by the shareholders of said company and said company regularly organized under the said charter, and the said road has been since constructed and is now worked and operated from Baltimore, through the State of Maryland, and through the (then) State of Virginia, now the State of West Virginia, to the city of Wheeling in the county of Ohio, in the said last named State ; that a suit has been recently instituted against your petitioner as such corporation as aforesaid, in the circuit court of Wetzel county, in the said State of West Virginia, by one John Henen, administrator of Jane Smith, deceased, being an action of trespass on the case, for the purpose of recovering against your petitioner damages claimed to amount to and laid at the sum of $5,000.00 for injuries of a personal nature to and the alleged killing of the said Jane Smith, deceased, for which the plaintiff claims, that your petitioner is responsible ; that said suit is now pending and undetermined in your Honor's said court, and the matter in dispute exceeds the sum of $500.00 ; that your petitioner has not heretofore entered an appearance in said cause, and desires to remove the same for trial from your Honor's said court into the next circuit court of the United States to be held in the district of West Virginia, of which district the said Jane Smith, at the time of her death was, and the said plaintiff, at the time of bringing said suit was, and still is, a citizen and resident. And to that end your petitioner now here offers to give good and sufficient security for entering in such circuit court of the United States on the 1st day of its next session copies of said process against it, and for its then appearing and doing all and everything required by law in the premises, and prays, that said cause may be so removed from the said circuit court of Wetzel county, West Virginia, into the next circuit court of the United States for the said district of West Virginia, to be therein heard, tried and determined, and that your Hon-

1861
Spring
Special Term.

Henen, Adm'r.
v.
The B. & O. R.
R. Co.

or's said State court will proceed no further in said cause, and as in duty bound your petitioner will ever pray, &c.

"BALIMORE AND OHIO RAILROAD CO.,
"By its Attorneys.

"*Boggess and McCoy, Attorneys.*"

Upon the filing of said petition the circuit court made and entered an order in the cause as follows:

" JOHN HENEN, administrator of Jane Smith, deceased, plaintiff, v. THE BALTIMORE AND OHIO RAILROAD COMPANY, defendant.—In case.

" This day came the plaintiff, by his attorney, and thereupon came also the defendant, by its attorney, and filed here in court its petition praying that this cause may be removed by order of this court into the next circuit court of the United States to be held for the District of West Virginia, to be therein tried and determined, and that this court will proceed no further therein. To the filing of which petition the plaintiff, by his counsel, objected, which objection, on consideration by the court, is overruled, and the said petition was received by the court and ordered to be filed. And thereupon the said plaintiff filed here in court an 'answer in writing to said petition of the defendant. To the filing of which answer, the defendant, by its counsel, objects and excepts to the same as improper and insufficient. Whereupon, on consideration, the court overrules the defendant's said objection, and allows the said answer to be filed; and the matter of the defendant's said petition having been fully considered by the court, together with the evidence and argument of counsel, therefore it seemeth to the court here that said defendant is entitled, under the law, to have the prayer of the said petition, and said cause removed, as prayed for. Thereupon it is ordered, that upon the defendant, or some one for it, executing and filing bond in the penalty of $500.00, with condition to enter in the next circuit court of the United

States for the District of West Virginia, on the first day of its next session, copies of the process in said cause, and for its then and there appearing and doing whatever else may be required by law in the premises, this cause shall be removed into the said circuit court of the United States. And the said defendant thereupon tendered here in court a bond in such penalty, executed by J. W. Bradshaw, P. McDonnel and J. W. McCoy, with conditions as above required, which is received by the court and ordered to be filed ; and it is accordingly considered by the court that this court proceed no further in said cause, and that the same be removed into the said circuit court of the United States to be therein heard, tried and determined.

The answer to said petition filed by the plaintiff and mentioned in said order is as follows :

"IN THE CIRCUIT COURT OF WETZEL COUNTY.

"JOHN HENEN, administrator of Jane Smith, dec'd, v. THE BALTIMORE AND OHIO RAILROAD COMPANY.— Trespass on case.

"To the petition of defendant to remove this cause to the circuit court of the United States, the plaintiff replies and answers as follows : That the defendant does not operate or own its railroad in the State of West Virginia by virtue of any Maryland law, but has its existence in this State, and is a corporation and has constructed its road within this State, and operates it all by virtue of sundry acts of the Legislatures of Virginia and West Virginia, and the defendant is under these laws a corporation of this State, and was so created within this State by virtue of said laws. Plaintiff denies that defendant is a Maryland corporation within the act of Congress under which they seek to remove this cause.

Plaintiff further says, that for the purpose of this suit

the defendant is a resident of this State, and, therefore, prays that the petition of defendant be rejected.

"JOHN HENEN, *Adm'r.*

"By J. D. Ewing, *Att'y.*"

The bond filed by defendant, and mentioned in the said order is as follows:

"*Know all men by these presents,* That we J. W. Bradshaw, P. McDonnell and J. W. McCoy, as sureties for the Baltimore and Ohio Railroad Company, are held and firmly bound unto John Henen, administrator of Jane Smith, deceased, in the sum of five hundred dollars, to be paid to the said John Henen, administrator of the said Jane Smith, deceased, his executors, administrators and assigns, to which payment, well and truly to be made, we bind ourselves, our heirs executors and administrators, jointly and severally, by these presents. Sealed with our seals and dated this the 10th day of October, 1879.

"The condition of the above obligation is such, that, whereas, in a cause pending in the circuit court of Wetzel county, West Virginia, being an action of trespass on the case in which the said John Henen, administrator of Jane Smith, deceased, is plaintiff and the said Baltimore and Ohio Railroad Company is defendant, the said defendant has filed its petition praying that the said cause may be removed into the next circuit court of the United States to be tried and determined, which prayer has been granted on terms of giving this bond: Now, if the said Baltimore and Ohio Railroad Company shall file and enter in said circuit court of the United States for the district of West Virginia copies of said process in said cause on the first day of the next session of said Court, and shall then and there appear and do what may be by law required to be done in the premises, then this obligation to be void, else to remain in full force and virtue.

"J. W. BRADSHAW,    [Seal.]

"P. McDONNELL,    [Seal.]

"J. W. McCOY.    [Seal.]"

To the said order of the circuit made in this case on the said 18th of October, 1879 a writ of error was allowed the plaintiff on the 22d day of November, 1879, upon his petition and assignment of error by this court without bond and security being required; and in this way the said order is before this court for review and decision.

*Ewing and Riley,* for plaintiff in error, cited the following authorities:

15 W. Va. 362; 12 Gratt. 655; 1 W. Va. 308; 3 W. Va. 319; 15 W. Va. 609; 13 Wall. 270; 12 Wall. 65; Rev. Stat. U.,S. § 721; 2 Black 599; *Id.* 532; 24 How. 264; *Id.'* 364; 7 How. 767; *Id.* 812; 5 How. 64; *Id.* 139; 11 How. 297; 14 How. 488; 22 How. 1; 14 Pet. 56; 5 Cranch 22; 9 Cranch 87; 1 Wheat. 279; 2 Wheat. 316; 12 Wheat. 153; 1 Pet. 604; 6 Pet. 291; 9 Cent. Law Jour. No. 24, p. 467; 29 Gratt. 431; Acts 1872–3, ch. 17; Acts 1877, ch. 44; 2 Munf. 336; 3 Munf. 458; 4 Munf. 383; 6 Rand. 349; 8 Leigh 88; 1 Am. 166; 8 Am. 583; 13 Am. 285.

*C. Boggess,* for defendant in error, cited the following authorities:

15 W. Va. 479; 10 Gratt. 1; 8 W. Va. 63; 8 Blatchf. 153; Dillon Rem. Caus. 75; 22 Wall. 250; 5 Blatchf. 336; 13 Pet. 512; 2 How. 497; 16 How. 314; 20 Wall. 453; 8 Blatchf. 243; 22 Wall. 454; 19 Wall. 214; 6 Otto 199; 16 How. 329; 2 Wall. 445; 4 Otto 535; 12 Gratt. 655; 3 W. Va. 319; 1 W. Va. 308; 15 W. Va. 609; Ram Leg. Judgt. ch. 5.

HAYMOND, JUDGE, announced the opinion of the Court:

In considering this case I deem it proper to first consider, whether the order of the circuit court made in this case on the 18th day of October, 1879, is such an order made in the case as that the same may properly

1881
Spring
Special Term.

Henen, Adm'r,
v.
The B & O. R.
R. Co.

be reviewed by writ of error by this court under the law. As it seems to me, we are not without very respectable authority bearing on this question. In the case of *Akerly* v. *Vilas*, 24 Wis. 165 and 1st American Reports 166, decided at Feburary term, 1869, it was held, that "an order of a State court, transferring a cause to the Federal court under the act of Congress of March 2, 1867, is an appealable order and the State courts have jurisdiction to hear and determine the appeal."

Judge Paine who delivered the opinion of the court in that case at pages 167, 168, 169, 170 and 171 says : " If there was no law authorizing the removal—and there was none, if either of the positions taken by the appellant is true—then the jurisdiction of the State court remained unimpaired, and there was no obstacle in the way of its exercise, except the erroneous order that the case be removed. And the idea, that the appellate power of the State court cannot be invoked to correct this error; that it remains in abeyance, suspended by such an unauthorized application, that the court which has jurisdiction must decline to exercise it, until the court which has none shall see fit to disclaim it, is one that cannot be supported upon any reasoning.

" But if the right of appeal exists in a case where the removal is unathorized, then it must also exist even when the order of removal is proper. The question whether the court has power to hear and determine the appeal cannot depend upon the conclusion to which it may come on the merits of the order to be reviewed.

" Nothing is better settled in legal practice than that an order by which a subordinate court dismisses a case for want of jurisdiction, or in any way divests itself of jurisdiction, is subject to review on appeal. It is within the expression of our statute that allows an appeal from any order which prevents a judgment from which an appeal might be taken. It is the common law practice of all courts. The case of *The Mayor* v. *Cooper*, 6 Wall. 247, cited by the respondent, is one where the Supreme

Court of the United States reviewed such an order made
by the United States circuit court. It is true, in that
case the order or judgment of dismissal was reversed,
the court holding that the circuit court had jurisdiction.
But if they had held differently they would have affirmed
the order, and not have dismissed the writ of error.
This is the invariable practice ; and this shows that the
exercise of the power to hear and determine an appeal
from an order by which a subordinate court attempts to
divest itself of jurisdiction, is not an assertion of juris-
diction in the case subsequent to and in defiance of the
application for removal. It is merely a decision upon
that application itself. And that decision, whether the
power be exercised by a subordinate or an Appellate
Court, is not the exercise of jurisdiction in the case. It
is the determination of an independent preliminary
question, and one which every court, from the necessity
of the case, has the power to determine whenever pre-
sented ; and whoever invokes the exercise of this power,
on the part of a subordinate tribunal of the State must
invoke it subject to all the conditions imposed upon
that tribunal by the law of its existence ; and one of
those conditions is, that an order made upon such an
application is appealable.

"That the power to hear and determine an appeal
from such an order is entirely independent of the ques-
tion of jurisdiction to proceed upon the merits of the
action, the case of *Nelson* v. *Leland et al.*, 22 How.
(U. S.) 48, is an express authority. A motion was there
made to dismiss the appeal on the ground of a want of
jurisdiction originally in the subordinate courts. And
the chief justice delivered the opinion of the court,
'that the question of jurisdiction in the lower court is a
proper one for appeal to this court, and for argument
when the case is regularly reached, and that this Court
has jurisdiction on such appeal.' The motion was there-
fore denied, and upon the express ground that their jur-
diction of the appeal was wholly independent of the actual

1881
Spring
Special Term.
Henen, Adm'r,
v.
The B. & O. R.
R. Co.

jurisdiction of the lower court to try the action upon its merits. And if this is so, the exercise of this appellate power is not the exercise of that jurisdiction of which it is claimed that the State court is divested by the presentation of a proper application for removal. It is true, that if the Appellate Court should sustain the jurisdiction of the State tribunals, they might proceed subsequently to attempt to exercise it. But the mere determination of the question whether such jurisdiction has ceased or continued, is not an exercise of it, any more when made by the Appellate Court than it was when made by the subbordinate court.

" Indeed the right and the duty of the State courts to exercise such appellate power, has been expressly decided by the Supreme Court of the United States, in *Kanouse* v. *Martin*, 15 How. 198. The court of common pleas in the city of New York, had denied an application for removal, and afterward proceeded to try the action on the merits, and rendeed judgment. It was taken by appeal to the superior court, which affirmed the judgment. And the Supreme Court of the United States reversed the judgment on the ground that the superior court erred, not in taking jurisdiction of the appeal, but in neglecting to reverse the judgment of the common pleas for refusing the application for removal. They say : ' The error of the superior court was therefore an error *occurring in the exercise of its jurisdiction*, by not giving due effect to the act of Congress under which the plaintiff in error claimed,' &c. And it made an order remanding the case to the superior court, with directions for further proceedings in conformity to the opinion. And such further proceedings would consist wholly of an exercise of the appellate power of the superior court to reverse the judgment of the common pleas.

" And yet we are referred to this case, by the respondent's counsel, to support their assertion that this court will stulify itself by taking jurisdiction of this appeal.

" This court certainly is not oblivious of the fact,

that, if it should hold that a removal of this suit was unauthorized, and should subsequently, proceed to render final judgment, after such further trial as may be necessary, the Supreme Court of the United States may assert its appellate jurisdiction over that judgment, may reverse it, and remand the case with directions similar to those in *Kanouse* v. *Martin,* as counsel suggested. But we feel very confident that if it should do so, it will not be because this court erred in assuming jurisdiction of the appeal, but because it will think this court erred in holding the plaintiff not entitled to a removal.

"I have thus endeavored to state the distinction between the exercise of the power to decide upon the application for a removal, whether by the subordinate or appellate court, and the exercise of jurisdiction over the merits of the action, for the purpose of showing that the broad language used by the court in *Gordon* v *Longest,* 16 Pet. 104, cannot, in any event, be applicable to the exercise of such appellate power. But, it is, perhaps, doubtful whether the same language would now be used by that court. The subsequent case of *Kanouse* v. *Martin* seems studiously to avoid it, and makes no suggestion that the judgments of the court of common pleas and of the superior court were void for want of jurisdiction, but speaks of them, throughout the opinion, as merely erroneous, and the same view is also supported by the case of *Hadley* v. *Dunlap,* 10 Ohio St. 1. I come therefore to the conclusion, that this order is appealable, and that it is the duty of this court, from which it cannot shrink, to proceed to a determination of the questions presented."

The act of March 2, 1867, will be found in the acts of Congress of 1866–7, pp. 558 and 559.

The principle involved in the above named case and discussed by Judge Paine in delivering the opinion of the court is the same now under consideration in this case. See case of *Taylor Strauder* v. *The State of West*

1881
Spring
Special Term.

Henen, Adm'r,
v.
The B. & O. R.
R. Co.

*Virginia*, 9 Otto ——, in connection with *Kanouse* v. *Martin, supra.*

In the case of *State ex rel. Coens* v. *The Judge of the Thirteenth Judicial District*, 23 La. An. 29, 8 Am. Rep. 583, it was held, that " The application of a party to remove a cause to the circuit court of the United States is analagous to a plea to the jurisdiction of the State court, and when granted, the party, against whom it is granted, has a right to appeal. The case would be different, if the application to remove is refused. In the latter case no irreparable injury would follow, and the appeal would not be allowed. (See note 7, Am. Rep. 507)." In the said case in 23 La. An. 29 *supra*, Judge Howe in delivering the opinion of the court at page 584, 8 Am. Rep. says: " We had occasion to say, in the case of *Rosenfield* v. *The Adams Express Company*, 21 An. 233, that an application to remove is analagous to a plea to the jurisdiction, and that if granted, an appeal would lie. The remark was perhaps, not entirely necessary to the decision of that case, but we do not find any reason, on the most careful examination, to doubt its correctness. In *Beebe* v. *Armstrong*, 11 Mart. 440, this court entertained such an appeal, and reversed the order of removal. In *Duncan* v. *Hampton*, 12 Mart. 92, a similar appeal was entertained, and the question of the right of appeal seems to have been discussed; for alluding to a difference of opinion on the merits, Judge Mathews said: ' As we are unanimously of opinion, that the judgment (of removal) rendered by the district court is a decision, from which an appeal ought to be sustained, it is unnecessary to investigate, *that part of the cause.*' Judge Martin was in favor on the merits of reversing the order of removal. There are three cases where similar appeals were entertained: *Louisiana State Bank* v. *Morgan*, 4 N. S. 344; *Fritz* v. *Hayden, Id.* 653, and *Fisk* v. *Fisk, Id.* 676. In the first of these the order of removal was reversed. In *Higgins* v. *McMicken*, 6 N. S. 712, the court declared, that it had several times entertained jurisdic-

tion of 'such appeals, and added, such decisions or judg-ments were properly considered as final in consequence ot sustaining the petitions for removal. A request to change the jurisdiction of a suit from a State court to one of the United States, under the law of Congress is analagous to a, plea to the jurisdiction of the court, in which the proceedings commenced ; and when a removal is ordered, the plaintiff would be without remedy against such order, unless by appeal.' In *Stoker* v. *Leavenworth*, 7 La. 390, a similar appeal was entertained, and the 'judgment' of removal affirmed; and the same action was had in *Franciscus* v. *Surget*, 6 Rob. 33. We cannot undertake to disturb this well settled jurisprudence."

1881<br>Spring<br>Special Term.<br>Henen, Adm'r,<br>v.<br>The B. & O. R.<br>R. Co.

See as bearing upon the subject the opinion of the court in *Beery* v. *Irack*, 22 Gratt. 484, 12 Am. Rep. 539.

In the case of *Burson* v. *The National Park Bank of New York*, 40 Ind. 173, 13 Am. Rep. 285, it was held, that " In an action commenced by a citizen of another State against a citizen of Indiana the court on application and after a trial, in which the jury disagreed, order-ed the cause to be removed into the circuit court of the United States under the acts of Congress. Held (1), That the order was appealable ; (2) that the cause could be removed at any time before another trial; and that the acts of Congress allowing a plaintiff to remove a cause into the Federal courts were constitutional."

In this case Judge Deveney in delivering the opinion of the court at page 286 American Rep. says : " When, as in this case, an order has been made by one of such courts transferring a cause to the courts of the United States, courts of another and distinct government, or when such an order has been properly applied for and improperly refused, it would seem to be the duty of this court, on an appeal properly taken to it, to decide upon the correctness of such rulings. If the ruling is found to be erroneous, it should be reversed. If it be found to be correct, it would be the duty of the court to remand the cause to the inferior court with instructions

1881
Spring
Special Term.

Henen, Adm'r,
v.
The B. & O. R.
R. Co.
to carry out the order. But was the order or judgment of the common pleas final in such sense as to authorize an appeal to this court? The order put an end to the cause, so far as the State courts are concerned, if it shall be allowed to remain in force and be carried out. If the party opposing such order cannot appeal at that stage of the case, he can never appeal to this court. It is our opinion, that such an order or judgment is so far final, as to authorize an appeal to this court. When such an order is applied for and refused, the cause remains pending in the court, and such refusal is in no sense a final order or judgment. But if the point has been properly reserved, the question can be brought to this court after final judgment and then decided by this court, as was done in *Skeen* v. *Huntington*, 25 Ind. 510.

\* \* It is true, that the act of Congress provides, that when the application has been made in the proper manner for the removal, the State court shall proceed no further in the cause. But this does not settle the question. The question is not, shall the subordinate State court proceed no further? but may the party who has thus been prevented from having the cause tried in the court, in which the suit was pending, appeal to this court? If he cannot, when and to whom is he to look for a correction of the most flagrant errors and abuses resulting from the action of the subordinate court?"

The judge overrules the decision in the case of *the City of Aurora* v. *West*, 25 Ind. 148, and cites *Akerly* v. *Vilas*, 24 Wis. 165, 1 Am. Rep. 166; *Whiton* v. *the Chicago and Northwestern Railroad Company*, 25 Wis. 424, 3 Am. Rep. 101; *The Home Life Insurance Company* v. *Dunn*, 20 Ohio St. 175, 5 Am. Rep. 642; *Kanouse* v. *Martin*, 15 How. (U. S.) 198.

The facts, upon which a petitioner bases his right to the removal of a case from a State to a Federal court, must be made to appear to the satisfaction of the State court, but no particular mode is prescribed, in which the facts are to be made to appear. *People* v. *Superior*

*Court*, 34 Ill. 356. And I think I may well add, that in the cases where bond and security are required to be given under the provisions of the 639th section, p. 114, 2d ed. of the Revised Statutes of the United States, (under which the removal was asked and made in the case at bar) the State court has the right to pass upon the sufficiency of the bond tendered, in its contents, and also the sufficiency of the sureties thereto. The State court has a right also to judge of the sufficiency of the petition. The Supreme Court of the United States in the case of *Armory* v. *Armory*, 5 Otto 186, and in *Insurance Co.* v. *Peckham* held, that the State court properly refused to remove, when the citizenship of the parties being of different States did not appear from the pleadings, and was not sufficiently alleged in the petition for removal. In the case of *Railroad Co.* v. *McKinly*, 9 Otto 148, and *Vornevar* v. *Bryant*, 21 Wall. 41, the Supreme Court of the United States has affirmed the rulings of the State court refusing to allow removals, where there had been a trial or after judgment, showing that it is conceded by that court, that the State courts have the right to refuse the removal, where the records and proceedings do not show a proper case for removal. In the case of *The P. W. & Ky. R. R. Co.* v. *B. & O. Railroad Co.*, decided at the same time as this case, it is held: "That the facts, upon which a petitioner bases his right to the removal of a case from a State to a Federal court, must be made to appear to the satisfaction of the court, before the order of removal can be made," and that "the petition becomes a part of the record and should state facts, which taken in connection with such as already appear, entitle the petitioner to a removal of the case."

Under the foregoing authorities and upon principle it seems to me, that the order of the circuit court made in this cause on the 18th day of October, 1879, is reviewable by this Court by writ of error, and that this Court upon reviewing said order may affirm or reverse the same,

1881
Spring
Special Term.

Henen, Adm'r,
v.
The B. & O. R.
R. Co.

Syllabus 2

as to it may seem proper and right from the law, facts and circumstances to it appearing. While I feel it to be my duty, as it is my desire, to concede to the Federal courts the jurisdiction and powers, to which they are justly and rightfully entitled, I feel it to be my duty to claim for the courts exercising authority under the State government the full measure of jurisdiction and authority, which pertains or belongs to them, as is substantially said by Judge Downey in the case of *Burson* v. *The National Park Bank of New York, supra.*

I will now proceed to consider the errors assigned by the plaintiff in error in his petition for a writ of error, &c. They are as follows: "1st. The order of removal based on the erroneous judgment, that the defendant is a foreign corporation. 2d. The application is insufficient, there being no proof of the sufficiency of the bond. 3d. Court erred in allowing defendant to file its petition over plaintiff's objections."

I deem it proper to first consider the plaintiff's second assignment of error ; and in doing so it is material, in order to arrive at a correct conclusion, to consult so much of the act of Congress, under which the application for the removal of the case was made, as is applicable thereto. As before remarked, the act of Congress, under which the application for removal was made, and under which the removal was made by the circuit court, is section 639 of the Revised Statutes of the United States, 2d ed, p. 114. The section, so far as relevant to this case, provides, "that any suit commenced in any State court, wherein the amount in dispute, exclusive of costs, exceeds the sum or value of $500.00, to be made to appear to the satisfaction of said court, may be removed for trial into the circuit court for the district, where such suit is pending, next to be held after the filing of the petition for such removal hereinafter mentioned, in the cases and in the manner stated in this section 1st. When the suit is against an alien, or is by a citizen of the State wherein it is brought and against a citizen of

1881
Spring
Special Term.

Henen, Adm'r,
v.
The B. & O. R.
R. Co.

another State, it may be removed on the petition of such defendant filed in said State court at the time of entering his appearance in said court. * * In order to such removal, the petitioner in the cases aforesaid must at the time of filing his petition therefor offer in said State court good and sufficient surety for his entering in such circuit court, on the first day of its session, copies of said process against him, and of all pleadings, depositions, testimony, and other proceedings in the cause, or in said cases where a citizen of the State in which the suit is brought is a defendant, copies of all process, pleadings, depositions, testimony and other proceedings in the cause concerning or affecting the petitioner, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein. It shall thereupon be the duty of the State court to accept the surety and to proceed no further in the cause against the petitioner, and any bail that may have been originally taken shall be discharged."

By reference to the order of the circuit court made on the 18th day of October, 1879, it will be seen, that the order about the middle thereof commences and continues as follows: "Thereupon it is ordered, that upon the defendant, or some one for it, executing and filing bond in the penalty of $500.00, with condition to enter in next circuit court of the United States, &c.,. * * copies of the process in said cause, and for its then and there appearing and doing whatsoever else may be required by law in the premises, this cause shall be removed into the said circuit court of the United States. And the said defendant thereupon tendered here in court a bond in such penalty, executed by J. W. Bradshaw, P. McDonnell and J. W. McCoy with conditions as above required, which is received by the court and ordered to be filed; and it is accordingly considered by the court that this court proceed no further in said cause, and that the same be removed into the said cir-

1881
Spring
Special Term.

Henen, Adm'r,
v.
The B. & O. R.
R. Co.

cuit court of the United States, to be therein heard, tried and determined."

The condition of the bond so tendered or offered is as follows: "Now if the said Baltimore and Ohio Railroad Company shall file and enter in said circuit court of the United States for the District of West Virginia copies of said process in said cause on the first day of the next session of said court, and shall then and there appear and do whatever may be by law required to be done in the premises, then this obligation to be void, &c."

It appearing that the bond was tendered by the defendant, and that the court "received" the bond and ordered it to be filed, it seems to me that it must be considered by this court that the court below passed upon the sufficiency of the sureties thereto, and held them upon proper enquiry to be "good and sufficient." But I am also of opinion that the court did not require from the defendant a bond with such conditions, as the act of Congress prescribes and requires in a case like the one at bar. The bond offered and received by the court does not contain such condition as the act of Congress prescribes and requires in such a case. It will be perceived at a glance on comparing the condition of the bond with that required and prescribed by the act of Congress, that the condition contained in the bond only contains a small part of the condition prescribed and required by the act of Congress in such a case. The condition of the bond is so defective and deficient that it is only necessary to mention the defect for it to be seen and acknowledged.

Entertaining these views I am clearly of opinion, that the court below erred in accepting and receiving said bond, as being sufficient in its contents, when in truth and fact the condition of the bond was and is manifestly materially defective and deficient.

I will now proceed to consider the plaintiff's first and third assignments of error together as they substantially raise the same question. In the case of the *P. W. & Ky.*

*R. R. Co.* v. *the Baltimore & Ohio R. R. Co.* this Court held, " A railroad corporation may have an existence in more than one State if chartered or licensed to build its road and do its business in more than one ;" also that " the Baltimore and Ohio Railroad Company is a domestic corporation in the State of West Virginia and as such is liable to be sued here." And that " when sued in the Courts of this State by a citizen thereof, such suit cannot be removed into the circuit court of the United States, as that court has no jurisdiction of such a case." The meaning of this is in part at least that the Baltimore and Ohio Railroad Company is under the legislation and the facts in relation thereto, of which the court may take judicial notice, a citizen of the State of of West Virginia, and as such may sue and be sued in the courts of this State, and does not come within the true meaning and intent of said act of Congress. And I will add that the Court will take judicial notice of that fact. (*Hart* v. *the Baltimore & Ohio Railroad Co.*, 6 W. Va.—) In other words, that said act of Congress does not embrace the said Baltimore and Ohio Railroad Co. when sued in a court of this State by a citizen thereof, which it seems to me is correct and just. This question has been so elaborately considered in the opinion of the court in the case of P. W. & Ky. R. R. Co., that I deem it unnecessary to do more in this opinion than refer to so much of the opinion of the court in that case, as relates to the said question and supports the principles therein decided touching said question. To attempt to do more here would be a work of supererrogation.

For the foregoing reasons there is error in the said order of the circuit court of the county of Wetzel made in this case on the said 18th day of October, 1879 ; and the same must be reversed and the plaintiff in error recover against the defendant in error his costs about the prosecution of his writ of error in this case in this court, and the case be remanded to the said circuit court

1881
Sprin g
Special Term.

Henen, Adm'r,
v.
The B. & O. R.
R. Co.

Syllabus 4.

Syllabus 5.

1881
Spring
Special Term.

Henen, Adm'r,
v.
The B. & O R.
R. Co.

of Wetzel county for further proceedings therein to be had according to law.

THE OTHER JUDGES CONCURRED.

ORDER REVERSED.   CASE REMANDED,