STREETER *v.* CONNECTICUT RIVER LUMBER COMPANY.

No exception lies to the refusal of the court at the trial term to hear evidence as to whether the amount in controversy exceeds $100, and was so stated in the writ for the sole purpose of depriving the defendant of his right to have the cause tried by the court or by a referee.

MOTION, by the defendants, that the cause be tried by the court or by a referee, on the ground that the value in controversy does not exceed $100, and the title to real estate is not concerned, alleging that the plaintiff fixed the *ad damnum* and specification at a sum exceeding $100 for the sole purpose of depriving them of their right to have the cause tried by the court or by a referee. They further moved that the court determine the foregoing questions of fact upon evidence to be produced. The court denied the motion, and declined to consider the questions of fact alleged therein.

*Smith & Sloan* (of Vermont), for the plaintiff.

*Drew & Jordan* and *Aldrich & Remich*, for the defendants.

SMITH, J. If the " value in controversy " in this suit exceeds one hundred dollars, the defendant's motion was rightly denied. Bill of Rights, *art.* 20. The declaration and specification show a claim exceeding one hundred dollars in amount. If the whole claim is not in controversy, the defendants have not, by filing a confession or by some other form of pleading, limited the controversy to so much of the claim as is really in dispute. The pleadings show a claim by the plaintiff of more than $100, and a denial by the defendants of the whole claim.

For the purposes of the removal of causes to the federal court the value of " the matter in dispute " is determined by reference to the amount claimed in the writ and declaration, although the subject-matter of the claim may be incapable of proof, or may be only in part well founded. *Kanouse* v. *Martin*, 15 How. 208;

*Gordon* v. *Longest*, 16 Pet. 97, 104. If on the trial the plaintiff recovers less than $500, he is not allowed his costs, and may be adjudged to pay costs. *Green* v. *Liter*, 8 Cranch 229, 242. The reasons for the practice adopted in the federal courts are not of controlling weight in this state. By " value in controversy," as used in the constitution, is meant the amount actually in controversy, not necessarily the amount as shown by the pleadings. How much of a hearing there shall be on this preliminary question, or whether there shall be any, must necessarily be determined at the trial term. The possibility that a hearing may sometimes involve a trial of the whole case is not a reason for establishing an inflexible rule in all cases that there shall be no hearing. In practice, however, no difficulty is encountered in determining the question without delay or expense. The presiding judge seldom if ever finds it necessary to do more than inspect the pleadings and act upon information from counsel in reply to such inquiries as he deems it expedient to make. In this case the defendants offered to show in support of their motion that the plaintiff has no reasonable expectation of recovering more than $100, and that he fixed a larger sum in the declaration and specification for the purpose of securing a mode of trial to which he is not constitutionally entitled. The presiding judge declined to hear the evidence. No exception lies to his ruling. It may be assumed that he thought no hearing was necessary. But if on the trial it shall appear that the plaintiff has claimed a larger sum than is in fact due, for the purpose of securing a mode of trial to which he is not entitled under the constitution, he will have raised the question what costs should be allowed and which party should pay them.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.