Merrimack, }
April 5, 1904. }

LANDON, *Adm'r*, *v.* BOSTON & MAINE RAILROAD.

CASE, for negligence. Transferred from the October term, 1901, of the superior court by *Stone*, J.

*Martin & Howe* and *Walter S. Peaslee*, for the plaintiff.

*Streeter & Hollis* and *Stephen S. Jewett*, for the defendants.

WALKER, J. The plaintiff's intestate was killed in the collision of the defendant's trains which occasioned the injuries complained of in *Wallace* v. *Railroad*, *ante*, p. 504. He was the fireman on train No. 265. There was a trial by jury and a verdict for the plaintiff. The question, whether the printed rules promulgated by the defendant for the government of the train dispatcher and the trainmen were reasonably sufficient and clear, was submitted to the jury, subject to exception. In view of the decision in the Wallace case, this was error. There was no evidence from which it could be found that the rules were not reasonably sufficient for the orderly management of the colliding trains.

*Exception sustained: verdict set aside.*

All concurred.

---

Hillsborough, }
May 3, 1904. }

HORAN *v.* BYRNES.

CASE, for maintaining a fence over five feet in height. The *ad damnum* is $1,000. At two prior trials of the case the juries returned verdicts in favor of the plaintiff for $25 and $20 respectively. At each trial the plaintiff testified that his loss of rent by the defendant's wrong was $100. It is not probable that another jury will award over $100 damages. The defendant's motion for a trial of the case by the court was denied, subject to exception. Transferred from the September term, 1903, of the superior court by *Peaslee*, J.

*Patrick H. Sullivan*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendant.

CHASE, J. There was no error of law in the ruling. Bill of Rights, art. 20; *Streeter* v. *Company*, 65 N. H. 201.

*Exception overruled.*

All concurred.